The Court took time to consider of this case, and now their opinion was delivered by
Parker, J.
The only question properly submitted to the Court in the state of facts agreed on by the parties in this case is, whether the persons summoned as trustees can be legally charged as such upon those facts. The other question, upon which a decision seems to be wished, viz., whether the interest of the debtors in the profits *32 of the voyage legally passed to the assignees, need not in this action be determined.
Amory, Dexter, and Otis, for the plaintiffs.
C. Jackson, for the trustees.
To make the persons summoned trustees within the meaning of our statute, it must appear that they had “ goods, effects, or credits ” of the principal in their hands, deposited there by him before or at the time of the service of the writ upon them. The debt should be an absolute, not a contingent one.
The facts show only that in the event of a safe arrival of the ship, and a successful voyage, upon which there would be profits, the persons summoned would be debtors to Ham &f AL, for their portion as ship owners of said profits, according to the contract made between them. If the ship should not arrive, or if, on the making up of the voyage, there should be no profits, they [ * 37 ] would owe the principals nothing. Now, at * the time of the service of this writ, the ship had not completed her voyage: she might have foundered, or she might have brought the goods to a bad market, so that there would have been no profits. What was this at that time, if any debt at all, but a contingent one? It was not debitum in prcesenti, solvendum in futuro, which would, from analogy to the bankrupt laws, be within the statute: for it rested in uncertainty whether there would be any debt at all. This is precisely within the principle decided in Cumberland, in the case of Wentworth vs. Whittemore & Trustee.
We are of opinion that there was no debt at the time of the service of this writ, and therefore that the trustees must be discharged (2).

 [Frothingham & Al. vs. Haley & Al. & Trustees, post, 68.—Willard vs. Sheafe, 4 Mass. 235.—Wood vs. Partridge, 11 Mass. 488.—Thorndike vs. De Wolf & Trustee, 6 Pick. 120.—Ed.]