# THE PEOPLE OF THE STATE OF CALIFORNIA v. SOLEDAD O. ARGUELLO, AND JOSÉ RAMON ARGUELLO.

CONSTRUCTION OF REVENUE LAWS.—The word "debts," as used in the Revenue Laws of this State, includes not only debts due and payable on or before the first Monday of December of the year for which an assessment is made, but debts to become due and payable at any time thereafter.

VOID ASSESSMENT.—If an assessment for "debts" be too high, it is not therefore void, upon the ground that if legal taxes are blended in the same assessment with illegal, the whole is invalid; but it is merely an over valuation, which the Board of Equalization will correct upon proper application.

APPEAL from the District Court, Third Judicial District, Santa Clara County

The defendants appealed.

The facts and points of counsel are sufficiently stated in the opinion of the Court.

*Peckham & Payne*, for Appellants.

*Attorney General*, and *D. W. Harrington*, *District Attorney of Santa Clara County*, for Respondent.

By the Court, SANDERSON, J. :

This is an action to recover State and county taxes for the year 1865. The taxes were assessed upon moneys due and to become due upon promissory notes, to the amount of sixty thousand and sixty-eight dollars. It appeared at the trial that on the first Monday of March, 1865, (the first day upon which assessments could be lawfully made,) the full amount due and to become due upon the notes in question was only thirty-nine thousand and twenty-seven dollars and seventeen cents, instead of the sum assessed as stated above; that of this sum of thirty-nine thousand and twenty-seven dollars and seventeen cents there was only the sum of twenty-four thousand eight hundred and nineteen dollars and ninety

cents due and payable between the first Monday of March and the first Monday of December, 1865. It was claimed upon the part of the defendants that the latter sum only was taxable for the year 1865; or, in other words, that money to become payable after the first Monday of December, 1865, (the last day upon which assessments could be lawfully made,) was not taxable for that year. The Court held, however, that the full sum, including the amount due and payable before the first Monday of December, 1865, and that due and payable thereafter, was taxable for the year 1865, and rendered judgment accordingly.

The point that the word "debts," as used in the Revenue Laws of this State (Stats. 1861, p. 419, Sec. 5,) includes only sums due and payable before the first Monday of December of the year for which the assessment is being made, is untenable. The word is used in the statute without limitation or qualification in the respect under consideration. Standing alone, the word "debt" is as applicable to a sum of money which has been promised at a future day as to a sum now due and payable. If we wish to distinguish between the two, we say of the former that it is a debt *owing*, and of the latter that it is a debt *due*. In other words, debts are of two kinds: *solvendum in præsenti* and *solvendum in futoro*. Whether a claim or demand is a debt or not, is in no respect determined by a reference to the time of payment. A sum of money which is certainly and in all events payable is a debt, without regard to the fact whether it be payable now or at a future time. A sum payable upon a contingency, however, is not a debt, or does not become a debt until the contingency has happened. Thus, under the Trustee Laws of Massachusetts, it has been held that the wages of a sailor, being contingent upon the arrival of the ship, are not a debt until the ship has arrived, and, therefore, until then not attachable. (*Wentworth* v. *Whittemore*, 1 Mass. 471.) So of a covenant to pay rent quarterly. It creates no debt until it becomes due, for before that time the lessee may quit, with the consent of the lessor, or he may assign his term with his

consent, or he may be evicted by a title paramount to that of the lessor, in either of which cases he will be discharged from his covenant. (*Wood* v. *Partridge*, 11 Mass. 488.) So a contract between the shippers of a cargo and the owners of the ship, that the latter should receive a share of the profits, does not create a debt from the former to the latter until the termination of the voyage. (*Davis* v. *Ham*, 3 Mass. 33; *Frothingham* v. *Haley*, 3 Mass. 68.) But, on the other hand, it is held in the cases cited that a sum payable in any event, but not yet due, is a debt—*debitum in præsenti solvendum in futuro.*

But independent of this matter of definition merely, there is nothing in the nature of the subject which should have led the Legislature to make a distinction between debts not yet due and debts due and payable. Debts are declared to be personal property for the purposes of taxation. A debt overdue, but unpaid, has no characteristic as personal property which does not also appertain to a debt under due. If the former is property the latter is also, and if the former ought to be taxed the latter ought to be taxed also, for the same reason.

The assessment, as already stated, was for the sum of sixty thousand and sixty-eight dollars, but, as shown at the trial, the debts amounted only to the sum of thirty-nine thousand and twenty-seven dollars and seventeen cents. In view of this fact, it is next claimed that the whole tax is made void, and we are cited to the rule that, if the illegal taxes are blended and incorporated with legal taxes, the latter, as well as the former, are uncollectable. But we think the case does not fall within the principle cited. There has been no illegal tax imposed in this case. There has been no property taxed which was not taxable. The error was as to the valuation merely, which, upon application, the Board of Equalization would have corrected. Had the Court rendered judgment for the full amount of the tax the judgment would not have been disturbed.

Judgment and order affirmed