WING & EVANS *vs.* JOHN W. SLATER.

Pub. Stat, R. I. cap. 155, § 11, provides that where any manufacturing corporation shall fail to file the certificate required to be filed by § 12, on or before February 15, in each year, "all the stockholders of such company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such notice shall be given," etc.

A corporation made a contract for the purchase of merchandise to be delivered in installments at future times.    At the time of the making of the contract, November 5, 1891, the company had not filed the certificate· required to be filed by Pub. Stat. cap. 155, § 11, but did file such certificate February 13, 1892, and before the delivery of any goods under the contract.

*Held*, that the company contracted no debt under the agreement before the first delivery of goods was made; and hence, that at the time of the filing of the certificate there was no existing indebtedness on the part of the company arising from the contract for which a stockholder was liable under the statute.

DEBT on a judgment brought to enforce the alleged liability of a stockholder in the American Wood Paper Company for a debt of the company under the provisions of Pub. Stat. R. I. cap. 155, § 22. Certified from the Common Pleas Division, jury trial not having been claimed. The case was heard on demurrers to special pleas.

It appears from the pleadings that the original contract under which the indebtedness of the American Wood Paper Company arose was substantially as follows : The American Wood Paper Company on the 5th day of November, 1891, made a contract with the plaintiffs for the purchase from the plaintiffs of a large quantity of alkali for shipment from Philadelphia to Liverpool at about one hundred and thirty tons per month from January to December, 1892, both inclusive, at the price of 1.42½ cents per pound, etc., sixty days' credit to be given after each delivery of alkali.

*July* 24, 1896. TILLINGHAST, J. This is an action brought by the plaintiffs, who are judgment creditors of the American Wood Paper Co., to enforce an alleged liability of the defendant as a stockholder in said company, under Pub. Stat. R. I. cap. 155, §§ 11, 12, which provide as follows :

"SEC. 11. Every manufacturing company included within the provisions of this chapter shall file in the office of the town clerk of the town where the manufactory is established annually on or before the fifteenth day of February a certificate signed by a majority of the directors, truly stating the amount of its capital stock actually paid in, the value as last assessed for a town tax of its real estate, the value of its personal assets, and the amount of its debts or liabilities on the thirty-first day of December of the next year preceding.

"SEC. 12. If any of such companies shall fail so to do, all the stockholders of such company shall be jointly and severally liable for all the debts of the company then existing and for all that shall be contracted before such notice shall be given, except as hereinafter provided, unless such company shall have become insolvent and assigned its property in trust for the benefit of its creditors, in which case the obligation

to give such notice by the filing of such certificate shall cease."

The pleadings in the case raise three principal questions, viz. : (1) Does the act apply to corporations which have not, and never have had, any manufactory in this State ? (2) Did the debt of the American Wood Paper Co. to the plaintiffs arise, as they contend, November 5, 1891, or, as the defendant contends, towards the end of 1892 ? And (3) does this action at law lie ?—it appearing that John D. Wing, one of the plaintiff copartners, is the real owner of certain stock in the American Wood Paper Co. standing in the name of William W. Brown, and that he is a naked trustee of John D. Wing as to this stock. As, in our view of the matter, the answer to the second question thus raised will dispose of the whole case, we will consider that only.

Whether the statute upon which the action is based is a penal statute, strictly so called, it is not necessary to decide, although there is good authority for holding that it is. *Sayles* v. *Brown*, 40 Fed. Rep. 8. But that said statute is of a penal character, so far at least as the defendant is concerned, and also that it is in derogation of the common law, and hence to be construed strictly, there can be no doubt. The liability of a stockholder thereunder is not a contractual but a purely statutory liability. *Sayles* v. *Bates*, 15 R. I. 342 ; *Sayles* v. *Brown, supra*. In considering a claim not unlike the one before us, Shaw, C. J., in *Gray* v. *Coffin*, 9 Cush. 192, 199, said : " To create any individual liability of members for the debt of a corporation, a body politic, created by law, and regarded as a legal being, distinct from that of the members composing it, and capable of contracting and being contracted with as a person, is a wide departure from established rules of law, founded in considerations of public policy, and depending solely upon provisions of positive law. It is, therefore, to be construed strictly, and not extended beyond the limits to which it is plainly carried by such provisions of statute." This language is quoted and approved by the court in *Dane* v. *Dane Mfg. Co.*, 14 Gray, 488. Both of said cases involved the liability of stockholders as such, and

not the liability of officers. To the same effect are *Coffin* v. *Rich*, 45 Me. 507 ; *Libby* v. *Tobey*, 82 Me. 397 ; *Moyer* v. *Pennsylvania Slate Co.*, 71 Pa. St. 293 ; *Mean's Appeal*, 85 Pa. St. 75 ; *Chase* v. *Lord*, 77 N. Y. 1, and cases cited. See also *Leighton* v. *Campbell*, 17 R. I. 51.

The question that arises, then, is whether, under the facts set out in the defendant's special pleas, which are demurred to by the plaintiffs, the defendant is liable under the provisions of said statute. We think this question must be answered in the negative. Said pleas show (1) that the American Wood Paper Co. has not, and never has had, any manufactory established in this State ; that it has since its incorporation always had an office in the city of Providence, in this State, and that on the 13th day of February, 1892, it filed, in the office of the city clerk of said Providence, a certificate signed by a majority of its directors, truly stating the amount of its capital stock actually paid in, the value as last assessed for a town tax of its real estate, the value of its personal assets, and the amount of its debts or liabilities on the 31st day of December, 1891 ; (2) that the indebtedness of said American Wood Paper Co., whereon the judgment was rendered on which this action is based, was incurred on the 5th day of November, 1891, as set forth in the plaintiffs' declaration, and was not incurred until October, 1892 ; that the first delivery was made by the plaintiffs, under the contract set forth in the declaration, in October, 1892, and that no breach of said contract was made by said paper company until after November, 1892.

Pub. Laws R. I. cap. 1038, was enacted February 12, 1892, and went into effect immediately. It provides as follows : "Any manufacturing corporation included within the provisions of chapter 155 of the Public Statutes, which has no manufactory established in any town in this State, may file the certificates required by section 11 of said chapter with the town clerk of the town in this State where the office of the corporation is located."

It thus appears that, even assuming that said chapter 155 applies to corporations which have not, and never have had,

any manufactory in this State, as contended by plaintiffs' counsel, (see *Allen* v. *Arnold*, 18 R. I. 809,) yet the defendant is not liable, as set forth in the plaintiffs' declaration, unless the making of the contract set out therein had the effect to create a debt against said corporation at the time of the making of said contract, or, at any rate, before the filing of the certificate aforesaid, which we do not think it did. The language of the statute, in case of the failure to file the certificate required thereby, is that "all the stockholders . . . . shall be jointly and severally liable for all the *debts* of the company *then existing*, and for all that shall be contracted before such notice shall be given," &c. "The time of the existence of the debt is therefore a material inquiry." *Congdon* v. *Winsor*, 17 R. I. 236. We think it is clear that there was no debt existing at the time of the making of said contract ; nor was any debt contracted by the making thereof, prior to the delivery of the merchandise contracted for. A debt is a liquidated demand, or a sum of money due by certain and express agreement. 3 Bl. Com. 154 ; *McElfresh* v. *Kirkendall*, 36 Iowa, 224. Or a debt may be defined to be a fixed and certain obligation to pay money or some other valuable thing in the present or in the future. *City of Erie's Appeal*, 91 Pa. St. 398, 402. In *People* v. *Arguello*, 37 Cal. 525, the court say : "Whether a claim or demand is a debt or not, is in no respect determined by a reference to the time of payment. A sum of money which is certainly and at all events payable is a debt, without regard to the fact whether it be payable now or at some future time. A sum of money payable upon a contingency, however, is not a debt, or does not become a debt until the contingency has happened. . . . . So of a covenant to pay rent quarterly. It creates no debt until it becomes due, for before that time the lessee may quit with the consent of the lessor, or he may assign his term with his consent, or he may be evicted by a title paramount to that of the lessor, in either of which cases he will be discharged from his covenant." *Wood* v. *Partridge*, 11 Mass. 488. In *Haynes* v. *Brown*, 36 N. H. 545, the court held that the statute could not be restricted to debts or liquidated claims.

But the statute of that State is much broader than ours, making the stockholders and officers of corporations liable for the debts and *contracts* of the corporation. For a collection of the authorities on the question what constitutes à debt, see 5 Amer. & Eng. Encyc. of Law, 143–162. Applying the foregoing definitions to the statute under consideration, it cannot be properly said that there was any existing debt growing out of said contract until after a delivery was made thereunder. In *Garrison* v. *Howe*, 17 N. Y. 458, which was an action brought against a stockholder on the ground that the whole capital stock had not been paid in, and also because the corporation had not made the report required by law, the court said : " We do not think a debt for lumber furnished under the contract, subsequent to its execution, can be said to have been contracted when the agreement was signed. That instrument contains mutual stipulations, by the plaintiff to furnish and by the defendant to pay for the lumber ; and there is no debt in existence until lumber has been delivered." In *Jones* v. *Barlow*, 62 N. Y. 202, which was an action to enforce the liability of the trustees of a corporation for a failure to file the annual report thereof required by law, the court held that they were only liable for debts actually due and for which a present right of action existed against the corporation. See also *Chase* v. *Curtis*, 113 U. S. 452, 462–463.

In support of the plaintiffs' contention that the defendant's liability attached at the time of the making of said contract, he relies specially on *Byers* v. *Franklin Coal Co.*, 106 Mass. 131. That was a bill in equity against said coal company and certain persons alleged to be officers thereof, for neglecting to file the annual certificate required by the statute, the language of which is substantially like our own. The debt in that case arose as follows : On April 3, 1886, the plaintiff accepted two drafts for the accommodation of the corporation, drawn by its treasurer, one payable in five months and the other in six months from their date. These drafts were negotiated at or about the time they were accepted, and at or about their maturity were paid by the plaintiff. And the

question which arose was whether the debt thus created was a debt contracted at the time when the plaintiff paid the drafts or at the time when he accepted them. The court held that the plaintiff was an accommodation acceptor, and the relation between the corporation and him was that of principal and surety ; and that, under the decision in *Rice* v. *Southgate*, 16 Gray, 142, the liability of a principal to indemnify his surety, for any payment the latter may be compelled to make to the former, takes effect from the time when the surety becomes responible for the debt of his principal ; and that, upon payment by the surety, his debt is *a debt contracted* at the time be became responsible, and not at the time of such payment. We do not think the case controls the one before us. There a liability had been incurred by the plaintiff to pay a certain and definite amount of money at a definite time for the accommodation of the defendant, and the plaintiff was obliged to pay and did actually pay the draft when it fell due. And upon well settled principles of law it is clear, as held in *Rice* v. *Southgate, supra,* " that the contract of a principal with his surety to indemnify him for any payment which the latter may make to the creditor in consequence of the liability assumed, takes effect from the time when the surety becomes responsible for the debt of the principal. . . . . No new contract is made when the money is paid by the surety, but the payment relates back to the time when the contract was entered into by which the liability to pay was incurred." No such liability, however, was incurred by the American Wood Paper Co. by the making of the contract aforesaid. No debt was created, in the strict sense of the term at any rate ; nor did any exist until a delivery was made under said contract. "Suppose," as said by the defendant's counsel, "the plaintiffs had never made any deliveries. Could they have sued for anything in February, 1892, eight months before they made any deliveries?" We think it is clear that they could not. It follows, therefore, that, there being no debt either due or owing, and no debt contracted by said corporation in favor of the plaintiffs at the time of the filing of the certificate

aforesaid, they have no cause of action against him. We are therefore of the opinion that the demurrers to the defendant's special plea in bar should be overruled and the pleas sustained.

Judgment for the defendant for costs.

*Richard B. Comstock & Rathbone Gardner*, for plaintiffs.

*James Tillinghast & Arnold Green*, for defendant.