# Plymouth Township *v.* Larksville Borough, Appellant.

*Boroughs—Townships—Creation of borough out of township— Adjustment of debt—Cost of highway—Acts of June 12, 1878, P. L. 184, and May 1, 1905, P. L. 318.*

1. Where a borough was erected out of a township on November 10, 1909, in pursuance of the Act of June 12, 1878, P. L. 184, and it appears that in the previous March the township officials had entered into a contract with the State highway commissioner by which the township agreed to pay a part of the cost of a State highway within the township, as provided by the Act of May 1, 1905, P. L. 318, the borough is liable for its proportion of the indebtedness under such contract, in the adjustment of the liabilities and indebtedness between the township and the borough; and this is the case although no part of the highway was included within the limits of the borough, and the improvement of the highway was not completed until more than a year after the incorporation of the borough.

2. Such liability is an existing indebtedness within the meaning of the Act of June 12, 1878, P. L. 184, which provides that "every borough which has been or may hereafter be erected out of any township......shall share, in just proportion, in the rights and liabilities of said township......existing at the time of its incorporation."

*Words and phrases—Debt—Liability.*

3. A "debt" in the legislative sense, is a fixed and certain obligation to pay money or some other valuable thing or things, either in the present or in the future.

4. The term "liability" is a word of wider import than "debt," and includes every kind of obligation, even obligations that are unascertained or imperfect, as distinguished from debts, in that the latter are certain and determined.

Argued April 12, 1920. Appeal, No. 31, Jan. T., 1919, by defendant, from decree of C. P. Luzerne Co., Feb. T., 1910, No. 1, on bill in equity in case of Plymouth Township v. Larksville Borough. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity to ascertain indebtedness and assets of Plymouth Township and Larksville Borough at time of incorporation of borough. Before O'BOYLE, J.

The case was referred to Charles Kuscheke, Esq., as master, whose report was confirmed by the court.

The opinion of the Supreme Court states the facts.

The court entered a decree confirming the master's report, and imposing upon the borough 57.96 per cent of the cost of a state highway constructed under an agreement between the county commissioners, the township supervisors and the State highway commissioner. The borough appealed.

*Error assigned* was decree of court summarized in the opinion of the Supreme Court.

*James T. Brennan,* for appellant.—It is clear that what the legislature had in mind and intended as the indebtedness to be "equitably adjusted and apportioned" was the indebtedness which the township was liable for at the date of the incorporation of the borough: McGuire v. Phila., 245 Pa. 287; Sauer v. McKees Rocks School Dist., 243 Pa. 294.

It was not equitable to require the Borough of Larksville to pay any part of the cost of the improvement: Munhall Boro. v. Mifflin Twp., 210 Pa. 527.

*M. J. Mulhall,* for appellee.—A debt for a municipal improvement is created not when the work is completed but when the contract is made. The time of payment is not essential to the creation of a debt, the question being is there a fixed and certain obligation to pay: Erie City's App., 91 Pa. 398; Keller v. Scranton, 200 Pa. 130.

The word "liability" is much more comprehensive than the term "debt." Liability in a legal sense is the state or condition of one who is under obligation to do at once or at some future time something which may be enforced by action. It may exist without the right of immediate enforcement: Pittsburgh R. R. Co. v. Clarke et al., 29 Pa. 146.

OPINION BY MR. JUSTICE STEWART, June 26, 1920:

As a simple statement of the facts will show, there is nothing at issue between the parties that calls for extended discussion here. The case was an equitable proceeding by the Township of Plymouth in Luzerne County against the Borough of Larksville, which had been erected out of the territory of the township, to determine and equitably adjust the liabilities and indebtedness existing between the township and the borough, under the provisions of the Act of Assembly of June 12, 1878, P. L. 184. The regularity of the proceeding is in all respects unquestioned. The matter was referred to an auditor, from whose report, and the opinion of the court on appeal therefrom, it appears that the present dispute between the parties is confined to a single item in the account stated by the auditor of the indebtedness due from the borough. The Borough of Larksville was erected out of the Township of Plymouth as a separate municipality by the decree of the court on 10th of November, 1909. The State highway commissioner under the pro-

visions of the Act of May 1, 1905, had recommended the improvement of a section of highway about 25,534 feet in length, lying in Plymouth Township, at the approximate cost of $70,786, in such manner as would be accepted by the State highway commissioner on certificate of the actual cost of the road and its completion by 23d of January, 1911. On March 16, 1909, a contract was entered into between Joseph W. Hunter, State highway commissioner, acting on behalf of the Commonwealth, of the one part, and the commissioners of the County of Luzerne and the supervisors of Plymouth Township, of the other part, by the terms of which the Commonwealth agreed to carry out the recommendation of the State highway commissioner with respect to the improvement of the highway mentioned, and to defray three quarters of the entire expense of such improvement; the parties of the other part jointly and severally agreed to pay each one-eighth of the total cost and expense of such improvement. It is not disputed that the improvements contemplated were completed within the required limit, the cost thereof being about $70,786. Adopting the conclusion of the auditor, the court in its decree ordered payment by the Borough of Larksville as its proportion of that indebtedness to the receiver the sum of $6,955, with interest from March 1, 1917, to the time of payment, "this being," as found by the court, "the share of Larksville Borough in the road-contract indebtedness."

It is the contention on the part of the borough that it was error in the court below to approve and confirm so much of the auditor's report as included in the indebtedness to be adjusted any part of the share of the township in the cost of the improvement of the public highway by the State highway department under the Act of May 1, 1905, for the reason that no liability rested on the borough for any part of such indebtedness at the date of its incorporation. Whatever force this objection has must be derived from the fact that the incorporation of the borough, November 10, 1909, followed so closely

upon the execution of the contract, March 16, 1909, that it would be inequitable to charge the borough with any liability for or on account of such contract, since no part of the highway was within the limits of the borough, and further, for the reason that, whatever the nature of the liability was, it was not an existing indebtedness at the time of the incorporation of the borough. The Act of June 12, 1878, under which this proceeding began, reads as follows: "That every borough which has been, or may hereafter be, erected out of any township or parts of adjoining townships shall share, in just proportion, in the rights and liabilities of said township or townships, existing at the time of its incorporation." The inference sought to be drawn from the facts as we have above stated them are in open defiance of the plain and express provisions of the act. When the contract for the improvement of the highway was entered into, what afterwards became by incorporation the Borough of Larksville was a constituent part of Plymouth Township. What subsequently became the Borough of Larksville was one of the constituent parts. The township was in position to enter into the contract, and the obligation it thereby incurred became the obligation of the entire township as it then was. The County of Luzerne having interest in the contract, became one of the contracting parties as well, and was equally bound to perform its part, and it makes no question as to its liability. How can it be said that, because subsequently part of the township, upon the express desire of its citizens, became erected into a borough, it was thereby discharged and released from the liability that had rested upon the entire township when the borough was a constituent part? We know of no principle of law that would warrant any such conclusion; not only so, but it is in plain disregard of that part of the act above quoted, which provides that boroughs "erected out of townships shall share, in just proportion, in the rights and liabilities of such township or townships, existing at the time

of its incorporation." Section 3 of the act, among other things, provides that in making said adjustments "reference shall be had to the time of incorporation of said borough and to the debts then existing, whether since paid or not," etc. The contention is that inasmuch as the improvement of the highway was not completed until more than a year after the incorporation of the borough, the indebtedness now claimed was not an "existing debt" at the time of the incorporation of the borough, and therefore is not a proper charge as against the borough, in the proceeding of adjustment contemplated by the act of assembly. The complaint that such adjustment as has been made is inequitable will not call for consideration if it be found to be in accordance with the requirements of the act of assembly. We may rest upon the fact that that feature of the case has been considered and adjudged by the legislature and is now removed beyond our jurisdiction. The one question therefore is, was the liability of the Borough of Larksville on the road contract of March 16, 1909, an existing liability or debt at the time of the incorporation of the borough? In Appeal of the City of Erie, 91 Pa. 398, this court defined a debt as meaning in a legislative sense a "fixed and certain obligation to pay money or some other valuable thing or things, either in the present or in the future." In 37 Cal. 524, it is said: "Whether a claim or demand is a debt or not is in no respect determined by the reference to the time of payment. A sum of money which is certain and in all events payable is a debt without regard to the fact whether it is payable now or at a future time." These designations strictly accord with the general understanding and usage of the term debt, and no reason is advanced why any different significance should be here given it. The terms seem to be used in the act interchangeably with the term "liability." This latter word is, according to all the authorities, a word of wider import, and includes every kind of obligation, even obligations that are unascertained or imperfect, as distin-

guished from debts, in that the latter are certain and determined. Rapalje & L. Law Dictionary. As used in the act it seems to be there employed in the more restricted sense, but even then it includes indebtedness such as we are here considering. In White v. Greene, 105 Iowa 176, it is thus defined, "the state or condition of one who is under obligation to do at once or at some future time something which may be enforced by action."

It does not affect the merits of this contention that no part of the highway for the improvement of which the debt was incurred is within the limits of Larksville. The highway occupies the same location it did when the contract out of which the liability arises was entered into. We need add nothing further.

The assignment of error is overruled, and the decree of the court is affirmed.