[Civ. No. 6171. First Appellate District, Division One.—June 21, 1928.]

E. C. REDMAN et al., Appellants, v. GRACE P. WARDEN, Respondent.

Frank H. Synder for Appellants.

U. S. Fitzpatrick, for Respondent.

TYLER, P. J.—Action to quiet title. The pleadings are in the usual form, plaintiffs alleging title and possession in themselves and an asserted claim of estate or interest in the property by defendants adverse to them without right, and defendants denying the allegations of the complaint and setting up ownership in defendant Grace P. Warden by virtue of tax-title deeds from the tax collector of the county of Los Angeles.

At the trial plaintiffs in support of their claim introduced the deed from their grantor in evidence, proved possession, and also proved that plaintiff Pearl H. Jarrett held a mortgage lien against the property. Plaintiffs rested and defendant's tax deeds were then considered in evidence. Defendants introduced no other evidence in support of their claim of title, relying solely upon the *prima facie* case made by these deeds, which recite that the property in question was sold for taxes levied in the year 1916. Plaintiffs, for the purpose of rebutting the *prima facie* case arising upon the tax deeds, introduced certain evidence going to show the illegality of part of the tax for which the property was sold. They -proved by uncontradicted evidence that the property in controversy is situated in what is known as Redman Elementary School District; that it was assessed for taxation in the year 1916; that among the taxes so assessed for that year was included a tax for the support of the county free library; that at the time of the assessment the Redman School District was not a branch of the free county library, this evidence being offered on the theory that such district, by virtue of the maintenance by it of a free library, was exempt from the tax assessed against it in 1916 for the support of the county free library (1 Gen. Laws [Deering] 1923, p. 982). They also proved that in the levy and assessment of a tax for the redemption of a bonded indebtedness created by the Antelope Union High School District one of the elementary school districts which comprised it, to wit, the Esperanza School District, was either inadvertently or designedly omitted, and the whole tax was levied and assessed upon the remainder of said high school district, of which the Redman School District was a part, the effect of which omission being to increase the proportion of such high school district tax assessed against the plaintiff's property.

Notwithstanding this condition of the record, the trial court made findings in favor of defendant Grace P. Warden and entered judgment quieting her title and awarding her possession of the property.

From this judgment the plaintiffs appeal; and they urge that the findings and judgment are unsupported by the evidence, inasmuch as the *prima facie* showing of title in said defendant made by her tax deeds was overcome by proof that the tax upon which it was founded was invalid for lack of equality and uniformity in its levy and assessment.

We think this contention must be sustained if not by reason of the inclusion of the Redman School District in the levy and assessment of the county free library tax, ·certainly for the exclusion of the Esperanza School District from the tax levied on the Antelope Union High School District for the payment of an installment due on its bonds.

The act to provide for the establishment and maintenance of county free libraries (Stats. 1911, p. 80·; 1 Gen. Laws [Deering] 1923, p. 982) authorizes the levy and collection of taxes upon all property in the county "outside of incorporated cities and towns maintaining free public libraries, and *library districts* maintaining district libraries, and upon all property within incorporated cities, towns and library districts which have elected to become a part of such county free library system." Section 1 of "An act to allow unincorporated towns and villages to establish, equip and maintain public libraries, etc." (Stats. 1909, p. 815), authorizes the establishment of public libraries by a course of· procedure prescribed by the act, the expense of maintenance of which is met by taxes levied upon the property within the district for which the library is established. Sections 1712–1717 of the Political Code provides for the organization of libraries in school districts, which must be open to the use of the teachers, pupils, and residents of the district. The Redman School District Library belongs to this last-mentioned class. As noted, the exemption of property in a county from the county free library tax seems by the terms of the act above cited to be confined to cities, towns, and *library* districts maintaining district libraries. But whether or not a school district maintaining a library is comprehended in the term "library district," used in the act

mentioned is not necessary to decide for the purposes of this case since the contention of the appellants that the tax levied on the property of plaintiffs was invalid may be sustained because of the omission to include the Esperanza School District in the levy of the Antelope Union High school tax above mentioned. As said in 1 Cooley on Taxation, 4th ed., sec. 317: ''The constitutional requirement of equality and uniformity is violated by imposing a tax on one portion of the state for the benefit of the whole state, or on one portion of a county for the benefit of the whole county, or one part only of any taxing district for the benefit of the whole taxing district.'' This is what seems to have been done in the present case, rendering the tax invalid. It follows that the defendant Grace P. Warden acquired no title to the plaintiff's property through her tax deed which had for its foundation a sale of the property for nonpayment of said tax.

The judgment is therefore reversed.

Knight, J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1928.

All the Justices present concurred.