### ROYAL INDEMNITY CO v WILSON et

Ohio Appeals, 2nd Dist, Montgomery Co

Nos. 1077 & 1078. Decided July 11, 1931

Marshall & Harlan, Dayton, for Royal Indemnity Co.

A. J. Kause and Allaman, Funkhouser, Murr & Shellenbarger, Dayton, for Wilson et.

HORNBECK, J.

A determination of the right of the Royal Indemnity Company to reach the claim of Snyder against Wilson in its attachment proceeding instituted prior to the judgment in favor of Snyder is somewhat difficult. Ohio offers no decision directly in point. The claim of Snyder against Wilson could have been stated upon money had and received which was due Snyder in a definite sum or an indebitatus court in assumpsit. —Bates Pleading pages 2195-2196. The amount claimed to be owing being in pursuance of an axpress contract by the terms of which Wilson was to sell mortgages, the property of Snyder, for a certain sum and to pay Snyder that sum without diminution could have been sued upon at common law as an action in debt. If the contract was as claimed by Snyder, the amount due could be determined from it and was definite and certain and only because the contract was denied was the amount due in dispute.

A fair consideration of the authorities, which are not uniform and somewhat difficult of interpretation, are convincing that the claim under consideration in this case was subject to garnishment.

Brake on Attachments, 4th Ed. paragraph 552, discussing our question generally, says:

"But while the proposition that a debt not actually and at all events payable, but depending upon a contingency, cannot be attached, is sufficiently simple, the application of it to particular cases which raise the question of contingent or not, is not always of easy solution. 'This much, however in the language of the Supreme Court of Massachusetts,' may be considered as clear, that the contingency must affect the property itself, or the debt which is supposed to exist, and not merely the title to the property in the possession of the trustee, or his liability on a contract which he has actually made, but the force or effect of which is in litigation. Examples showing the distinction may be taken from the cases decided. Thus, the wages of a sailor on board a vessel which has not arrived, are not liable to the process, because whether due or not depended upon the arrival of the vessel.

So, shippers of a cargo, under contract with the owner of the ship that he shall have a share of the net profits arising on the cargo, are not liable as trustees until the termination of the voyage, as it is altogether contingent whether anything will ever be due. There are many other cases of a similar character, but these two are sufficiently distinct, to show what is intended in the decisions by the term contingent, that is, an uncertainty whether anything will ever come into the hands of the trustee, or whether he will ever be indebted; the uncertainty arising from the contract, express or implied, between the debtor and the trustee. This principle has never been applied to a case where property is actually in the possession of the trustee claimed by the debtor, his right to it being in controversy, **nor to demands against the trustee himself in the nature of a debt due to the defendant, which, however, may be in dispute between them. In such cases the process is considered as attaching, and is postponed until a liability to the debtor is ascertained.**"

In Thorndike v DeWolf and Trustees, 6 Pick. 120, the trustees had in their possession certain moneys, the proceeds of the sale of property in which DeWolf claimed to have an interest. DeWolf's claim was disputed by Lewis. Thus there was a controversy between DeWolf and Lewis whether or not anything was owing DeWolf from the trustees. The claim on behalf of DeWolf, among other things, was that at the time of the service of plaintiff's writ there was no property in the hands of the trustées belonging to DeWolf, or any debt due to him from them, it being altogether contingent whether they would ever be accountable to DeWolf for any part of the proceeds. The court at page 123, after quoting two cases, Wentworth v Whittemore and Tr. 1 Mass. Rep 471 and 3 Mass. Rep. 33, employs the language heretofore quoted from Drake on Attachment.

The leading case of Waples-Platter Grocery Company v Texas & Pacific Railroad Company (Tex.) reported and annotated in 59 L. R. A. 353, may be harmonized with the section just quoted in the fact that in the Texas case it was necessary for the jury to fix the value of the cattle, the depreciation of value of which was claimed against the Railroad Company, at the end of the shipment and to determine the difference between this value and their worth at the time of the beginning of the shipment. In other words, conceding the claim of the shipper, the amount due him could not be determined from the contract itself and not until the jury had fixed this sum. The sec-

ond syllabus holds that the judgment on the claim of the shipper was not subject to garnishment pending an appeal therefrom. This is logical, because the perfecting of the appeal would have the effect of vacating the judgment.

The note to Waples-Platter Grocery Company v Texas & Pacific Ry. Co., supra, quotes Judge Washington in Clark v Wilson, 3 Wash. C. C., 560, Fed. Cas. 2841.

"The principle decided in that case (Fisher v Consequa, 2 Wash. C. C. 382, Fed. Cas. 4816) was that a demand arising ex contractu, the amount of which was ascertained, or which was susceptible of ascertainment, by some standard referable to the contract itself, sufficiently certain to enable the plaintiff by affidavit to aver it or a jury to find it, might be the foundation of a proceeding by way of foreign attachment, without reference to the form of action or to the technical definition of debt, the expression used under the law."

In Case v Dewey, 55 Mich. 116, 20 NW. 812, 21 NW. 911, it was held that the debtor was not chargeable in garnishment proceedings. The facts were that the defendant was to sell sheep to the garnishee by the pound, and the sheep were actually being driven on the scales to be weighed in order to determine the amount due when garnishment process was served, it was held that inasmuch as the sale was not complete at the moment of service, the debtor was not chargeable. It seems to follow that the court would have sustained the proceeding had the sheep been weighed, and definite determination made of the amount due the creditor. This parallels our case where the facts pleaded are that a sale had been made of the property to be sold at the price fixed, which price was to be paid to Snyder.

Judge Westenhaver in discussing the question pertinent to our case in Sandusky Cement Company v Hamilton & Co., 273 Fed. Rep. at page 598, says:

"The authorities cited and relied on by the defendant are not in point. Some are to the effect that the indebtedness owing by the garnishee to the defendant must be a demand payable absolutely and unconditionally; but this is not the law of Ohio, **under which any interest is the subject of garnishee process.**"

Norton v Norton, 43 Oh St 509. Norton v Norton does not sustain the broad statement just quoted, nor is it necessary to extend the principle to this length to make it applicable to the instant case.

**Secor v Witter, 39 Oh St 218** was a proceeding to subject the proceeds of a note not yet due, payable to the debtor. The garnishee answered, admitting the amount to be due. Among other claims, it was asserted that the maker of a negotiable note should not be charged as garnishee of the payee unless it be affirmatively shown that before the examination of the garnishee the note had become due and was still the property of the payee.

It will be observed that the facts do not parallel those under consideration in the instant case and the observation of the court is obiter. However, it is a direct expression of the Supreme Court touching the interpretation of our garnishment statutes. On page 230 it is said:

"By the statute all debts, whether due or not, and without regard to the form of the evidence of them, are by express terms subject to garnishment."

and further:

"We deduce, from principle and the best considered cases, the following propositions, which are controlling in the case at bar:

1. That all debts; whether due or not, and whether evidenced by negotiable instruments or not, the property of a defendant in attachment, are subject to garnishment."

The liability of Wilson to Snyder, as appearing in the petition of Snyder, was as definite and certain as if Wilson had executed and delivered a promissory note to Snyder for the amount claimed and the first defense thereto such as could be made to an action on a note.

The judgment of the trial court will be affirmed as modified.

ALLREAD, PJ and KUNKLE, J, concur.