## Laureldale Borough v. Muhlenberg Township

*Stevens & Lee,* for plaintiff.
*John A. Moss* and *Wilson S. Rothermel,* for defendant.

MAYS, J., March 2, 1932.—The bill in equity filed by the Borough of Laureldale against the Township of Muhlenberg under the provisions of The General Borough Act of May 4, 1927, P. L. 519, prays, inter alia, for an equitable adjustment of the indebtedness of the defendant to the plaintiff.

Paragraph four of the bill avers "that the assessment of plaintiff borough for the year 1930 is 32.8 per cent. of the total assessment of defendant township and that plaintiff is, therefore, entitled to 32.8 per cent. of the net worth of said defendant township which, as appear in 'Exhibit A,' is $16,612.24. This sum however is subject to minor deductions on account of rebates and exonerations of taxes together with tax collector's compensation for collecting taxes since April 8, 1930."

Paragraph five avers: "In addition to the assets as listed in 'Exhibit A' there is also to be considered an unappropriated balance in the treasury of defendant township at the end of 1930, the exact amount of which plaintiff has been unable to ascertain."

The answer denies that the plaintiff's "Exhibit A" is a correct balance setting forth the correct assets and liabilities of the defendant township as of April 8, 1930, the date of the plaintiff's incorporation.

Paragraph three of defendant's answer refers to "Exhibit A" attached thereto as showing a correct statement of the assets and liabilities of said defendant as of April 8, 1930, the balance due the borough being $9016.33.

Paragraph four of the answer avers that the proper percentage of the assessment of the borough to that of the township was 31.6 per cent. instead of 32.8.

Paragraph five admits that there was an unappropriated balance of $360.73 in the treasury of defendant at the end of 1930, and admits that the plaintiff is entitled to credit for its proportionate share thereof.

The issue raised by the pleadings is, what, after the adjustment of the assets and liabilities, is due and owing the plaintiff by the defendant?

## Findings of fact

1. The Borough of Laureldale was incorporated under a decree of the Court of Quarter Sessions of Berks County on April 8, 1930, the whole of said territory being a part of Muhlenberg Township.

2. The ratio of the taxable property of the Borough of Laureldale to the taxable property of the Township of Muhlenberg was 32.2 per cent.

3. The unappropriated balance in the treasury of the defendant at the end of 1930 was $360.73.

4. The real estate owned by the Township of Muhlenberg has a value of $2497.50, and is retained by the township.

5. The road roller is of the value of $2000, truck and snowplow $4500, small truck $75, scraper $300, and tractor $500, a total of $7375, all of which have been retained by the Township of Muhlenberg.

6. The tax duplicate for the year 1930, including real estate in the Borough of Laureldale and the Township of Muhlenberg, was $48,406.95.

7. The total of the assets was $58,640.18.

8. The liabilities conceded were as follows:

| | |
|---|---|
| Notes payable—Bank | $3600.00 |
| Notes payable—Loder and Sharp | 4950.00 |
| Accounts payable—G. W. Focht Stone Co | 3682.00 |
| Contract payable—Surfacing Spring Valley Road | 3989.50 |
| Contract payable—Grading Spring Valley Road | 1140.74 |
| Accrued expenses— | |
| Treasurer's commission | 189.33 |
| Solicitor's fees | 50.00 |
| Workmen's compensation insurance | 56.00 |
| Collector's bond | 63.40 |
| Central Fire Company | 300.00 |

9. On the oil contract with Windsor Service, there was delivered to the township before the incorporation of the plaintiff borough oil in the amount of $493.62, which was paid for subsequent to the date of incorporation.

10. On the stone contract with G. W. Focht Stone Company, there was delivered prior to the incorporation of the plaintiff borough 1,025,800 pounds, or 512.9 tons, at $1.50 per ton, or $769.35, plus a hauling charge of $97.96, a total of $867.31, which was paid subsequent to the date of incorporation.

11. The total of the liabilities was $19,382.28.

12. The balance or net worth of the Township of Muhlenberg for the purposes of this proceeding, on April 8, 1930, was $39,257.90.

13. The amount due the Borough of Laureldale is 32.2 per cent. of $39,257.90, or $12,641.04, less, however, exonerations and uncollected taxes and costs, if any, that may arise and be approved by the borough council on property included within the confines of the Borough of Laureldale, and less a credit of $5000 paid to the Borough of Laureldale by the Township of Muhlenberg.

## Discussion

It is our duty, under the provisions of The General Borough Act of May 4, 1927, P. L. 519, to ascertain, adjust and apportion between the borough and the township not only the liabilities of the township existing at the time of the incorporation of the borough, but also the assets of the township existing at the date of the borough incorporation, and consider in connection therewith any unappropriated balance in the treasury of the township at the end of the current year.

The defendant, admitting that the tax duplicate for 1930 was in the amount as found in finding of fact No. 6, and, likewise, that it cannot be considered as an indebtedness, contends that there should be deducted from said tax duplicate the sum of $9247.53, expenses incurred and paid by the township between January 1, 1930, and April 8, 1930. With this we cannot agree. This expenditure must have been, and indeed is admitted to have been, made from moneys on hand or received from other sources, at least it was not made from 1930 taxes, the levy not yet having been made when any of the items so claimed for were paid.

It must be remembered that the concern of the court is to make an equitable adjustment. The apportionment of the assets and liabilities, which is what we are presently concerned with, must be as of the date of incorporation, and not as of the end of the fiscal year of the township. In Adjustment of Indebtedness Between Borough of Hellertown and Township of Lower Saucon, 18 Northamp. L. R. 54, Judge Stewart sustained an exception which said: "The auditor should have apportioned the assets and liabilities as of July 7th, 1919, the effective date of annexation, and not as of December 1, 1919, the end of the fiscal year of the Township."

On February 1, 1930, the Board of Supervisors of Muhlenberg Township entered into a contract with Windsor Service whereby the latter sold and agreed to deliver and apply, and the township purchased and agreed to receive and pay for, not less than 30,000 gallons of oil, 20,000 gallons of Tarmac, and 2000 gallons of cold patch. Of this amount there was delivered to the township, prior to the incorporation (see finding of fact No. 9), oil to the value of $493.62. On February 3, 1930, the supervisors entered into a contract with G. W. Focht Stone Company for an estimated quantity of crushed stone at prices dependent upon sizes. Of this amount there was delivered to the township, prior to the incorporation (see finding of fact No. 10), stone to the value of $769.35.

It is the contention of the defendant that the oil contract amounting to $6990 and the stone contract amounting to $2385.40, a total of $9375.40, was a liability of the borough as well as of the township. Technically, this may be correct. If it were necessary so to conclude, we would have to find as a fact that there was in the township an asset, viz., oil and stone undelivered at the date of the incorporation of the borough, of which the borough would be entitled to its ratio. Carried to a logical conclusion, it would mean that we would then have to adjust said indebtedness, and in doing so would have to require the township to account to the borough for its proportion of the personal assets, viz., the oil and stone delivered to the township under the contracts after the date of the incorporation of the borough.

However, we are not in reality concerned with an indebtedness in that regard. The parties have pursued a definite course in the handling of these contracts. The stone and oil delivered before the incorporation of the borough were paid for, and the borough admits its liability for its proportionate part thereof. Subsequent to the incorporation, oil and stone were delivered, not to the borough but to the township.

Unquestionably, a different result would have to be arrived at if these contracts had been entered into as a preliminary to the improvement of a certain highway or highways within the then confines of the township, even though the work would not have been completed until after the incorporation of the borough. Under such circumstances, the taxpayers, not only of the township but also of the borough, would have had notice thereof and reason to know that the borough to be incorporated would be bound to bear its proportion of the cost of completing the contract, even though the highway or highways to be improved were not included within the limits of the borough. See Plymouth Township v. Larksville Borough, 268 Pa. 45.

In the instant case, however, the taxpayers of both the township and the borough could look upon these contracts as if they were for the purchase of oil and stone as articles of personal property, just as they would have done if the township, before the incorporation, had contracted for the purchase of a snowplow, a tractor, a truck, or other like personal property, of the purchase price of which the borough would have to pay its fair ratio, but at the same time they would know that it was an asset of which the borough would be, not only legally but equitably, entitled to its fair ratio.

The other items set forth as assets and liabilities are not disputed and need not now be discussed.

At the trial it was agreed that there were then outstanding taxes for previous years amounting to $8857.30, and that the township would pay to the Borough of Laureldale its ratio of said taxes, less collection costs, if any, and exonerations, from time to time as the same are received by the Township of Muhlenberg.

In Spring Township School District v. West Reading School District, 1 Berks Co. L. J. 93, 96, Judge Endlich said: "Whilst, for the reasons stated, there seems to be no escape from substantially conceding the claim made by the plaintiff school district, it may not be improper in the disposition of the costs to follow the precedent set by the decision in Munhall School District v. Mifflin School District, 28 Pa. C. C. 360, by dividing them between the parties."

### Conclusions of law

1. The defendant is to be decreed to pay to the plaintiff the sum of $12,641.04, less exonerations and uncollected taxes on property included within the confines of the Borough of Laureldale, and collection costs, if any, the amounts thereof to be approved by the borough council and subject to an additional

credit of $5000 already paid to the Borough of Laureldale by the Township of Muhlenberg.

2. The defendant is to be decreed to pay to the plaintiff the pro rata of the outstanding taxes for previous years amounting to $8857.33, less exonerations and uncollected taxes and collection costs, if any; payments to be made from time to time as the money is received by the Township of Muhlenberg.

3. Costs of suit to be paid by the parties hereto in equal proportions.

From Charles K. Derr, Reading, Pa.