[Civ. No. 3088.   Fourth Dist.   June 7, 1944.]

F. D. STRONG, Respondent, v. JOSEPH MACK et al., Defendants; C. J. NOVOTNY, Appellant.

740

Clarence J. Novotny, in pro. per., for Appellant.

W. E. Starke for Respondent.

BARNARD, P. J.—This is an action to quiet title to two lots in the city of San Diego. The plaintiff claims under a tax deed dated July 9, 1940, which was issued after a sale pursuant to the provisions of section 3897 of the Political Code. The property had been sold to the state because of the nonpayment of the second installment of taxes for the year 1933-1934. The defendant Novotny, the former owner of the property, attacked these sales on the ground that the levy or assessment upon which they were based was void.

At the trial the plaintiff introduced his tax deed and rested. The defendant Novotny introduced evidence showing that in the preparation of the budget for the fiscal year 1933-1934, the auditor gave no consideration to, and made no allowance for, anticipated revenue from the payment of delinquent taxes or for revenue from stocks and bonds and solvent credits, and that the final budget submitted to the board of supervisors contained no reference to these matters. An ordinance of the board of supervisors adopting this final budget and a resolution passed by that board setting the tax rate and levying the tax for that year were then introduced in evidence. It was further shown that under the provisions of section 3627a of the Political Code solvent credits and stocks and bonds were assessed for that year at figures which under the statutory rate would produce $6,341.11 from solvent credits and $36,024.56 from stocks and bonds, or a total of $42,365.67 from these sources. It was also shown that during that fiscal year $232,081.96 in delinquent taxes was actually collected and apportioned for county purposes.

The court found in favor of the plaintiff and entered a

judgment quieting his title, from which the defendant Novotny, sued as John Doe Twenty, has appealed.

The appellant contends that it appears from the evidence that the provisions of section 3714 of the Political Code relative to the preparation and adoption of a budget were not complied with for the year in question in that no consideration was given therein to solvent credits or to stocks and bonds which were taxable at the statutory rate, and none to anticipated collections from delinquent taxes; that the tax rate adopted was, therefore, larger than it needed to have been or would have been had these matters been included in the budget; that the prima facie effect of the respondent's deed was thus contradicted and overcome by other evidence; and that it follows that the taxes purportedly assessed against this property for that year were illegal and void in their entirety.

The appellant relies on *Otis* v. *Los Angeles County,* 9 Cal. 2d 366 [70 P.2d 633] in support of his contention that the taxes levied against his property for the year in question were absolutely void. That case also involved taxes for the fiscal year 1933-1934. In that case, as here, the board of supervisors, in fixing the levy on real property gave no consideration to and did not anticipate revenue from the levy on solvent credits and securities. However, that case was one brought to secure a return of a claimed excess in the amount of taxes paid, the excess having been paid under protest. At that time, provision for the return to the taxpayer of certain excess taxes paid was made by other sections of the Political Code. In upholding the right of the taxpayer to a return of the excess amount thus paid the court held that the failure to consider and allow for anticipated revenue from the tax on solvent credits and securities had resulted in an increase in the tax rate and that the tax levy there involved was invalid to the amount of such excess and to that extent was void. It was not held, however, that the entire assessment or levy for that year was void and we are cited to no case in this state in which such a holding has ever been made. In *Redman* v. *Warden,* 92 Cal.App. 636 [268 P. 686], a tax deed was held invalid because the entire assessment was illegal and invalid due to the omission of certain lands which should have been included in the assessment and levy of taxes. This was in accord with the general rule that

where an illegal tax is inseparably connected with a legal tax the entire tax is void. However, it was very early held in this state that this rule does not apply to a case where a part of a tax is too high as a result of a mere over-valuation or over-assessment which can be corrected on proper application to a board of equalization. (*People* v. *Arguello,* 37 Cal. 524.)

In our opinion, similar principles should here be applied. No failure to tax any property appears and any excess tax which may have resulted from the omissions in question was not only comparatively small but it came from what is in practical effect an over-assessment or mistake in fixing the rate, rather than from a source which is recognized as one so contrary to law that it will result in invalidating the entire assessment. A further consideration is that the appellant then had at least two remedies provided by statute for the very purpose of enabling him to obtain relief from any injustice that might otherwise appear. (*Rittersbacher* v. *Board of Supervisors,* 220 Cal. 535 [32 P.2d 135].) In that case, the court also observed:

"If the plaintiffs were to prevail in this consolidated proceeding the result would be to invalidate practically the entire assessment-roll of Los Angeles County for the year 1933. Such a result may not lightly be contemplated and should not be adjudged except upon a clear showing of 'fraud or something equivalent of fraud' on the part of the assessing authorities. . . ."

The variation from the procedure required by section 3714 of the Political Code, of which the appellant now complains, is one which appears in the printed preliminary budget, a copy of which was introduced in evidence, and the record indicates that the same omission was carried into the final budget which was adopted by the board of supervisors. The omission was one of which the appellant had notice and to which he had an opportunity to object before the final budget was adopted and the rate of the tax levy fixed. While section 3714 requires the preparation of a budget that shall include consideration of all income and revenue from all known material sources, it also provides for notice to the taxpayers that copies of the preliminary budget are available to them and for a hearing on the date specified in such notice "at which time and place any taxpayer may appear and be heard for or against any part of such budget." It is not contended that these provisions were not complied with

in this instance, and it may fairly be inferred from the evidence appearing in the record that the appellant failed to avail himself of this opportunity to have the omission of which he now complains corrected. The notice and hearing thus provided for were sufficient to constitute due process of law and to meet all jurisdictional requirements. Not only did the appellant have an opportunity to be heard but these provisions of the statute, for a notice and hearing, seem to have been clearly intended to give a certain finality to this consideration of the budget with respect to all matters included in or omitted therefrom which could have been questioned at the hearing, and except as otherwise provided by statute. With such a hearing provided for it would reasonably seem to follow that objections to the form and substance of the budget as thus presented are to be deemed waived, if not raised at the hearing, at least insofar as they affect the general validity of the tax levy which is to be based upon this budget. This should especially be true with respect to matters which merely affect the amount necessary to be raised by taxation and the determination of the rate of the levy which is to follow and which is to be largely, if not entirely, governed by the items of the budget under consideration and thus subjected to inspection and correction.

The appellant had a further remedy in that he could have paid the tax in question under protest and then brought an action to recover the amount of the excess payment under the provisions of section 3804 or section 3819 of the Political Code, as then in effect. The right thus given and the remedy thus afforded was somewhat modified by new sections added in 1939. (Stats. 1939, ch. 159.) (See *Southern Service Co., Ltd.* v. *Los Angeles,* 15 Cal.2d 1 [97 P.2d 963].)

A possible further consideration is that this entire tax levy should not be held void on the ground that it was for an amount greater than was needed since the revenue to be anticipated in connection with solvent credits and securities was much less than 10 per cent of the total amount of the budget and levy. (See *Bray* v. *Jones,* 20 Cal.2d 858 [129 P.2d 364].) Not only would this be equally true if the amount collected on delinquent taxes in that year is also considered, but on this phase of the matter it should be remembered that the year 1933-1934 was in the deepest part of the depression and the amount of delinquent taxes actually collected may not in any degree reflect the amount of such collections which could

reasonably have been anticipated at the time the budget was prepared and when the rate of the levy was fixed. For all of the reasons given, we conclude that the tax levy in question was not void in its entirety and that the evidence offered by the appellant did not have the effect of contradicting and overcoming the prima facie evidence of the respondent's deed.

The only other point calling for any consideration is the appellant's suggestion that on August 20, 1938, under the ''ten-year plan'' he paid $11.37 as one-tenth of the delinquent taxes on this property for the years 1933 to 1936, inclusive, together with $17.06 interest thereon, that a part of this payment should have been applied to the delinquency for 1933-1934, and that it follows that the property was sold for more than the amount of taxes due. It does not appear that any further payments were made on this plan and the only evidence we find in the record is a receipt for this amount showing that it was· a conditional payment on account of delinquent taxes and that it was issued under the provisions of the Political Code as a receipt which ''may be applied on redemption'' of the property in question, which was sold to the state on June 28, 1934. It is not claimed that the property was ever redeemed, and there is nothing to show that the amount in question was to be applied or was applied to the delinquent tax for 1933-1934. Section 3817c6 of the Political Code, added in 1938 (Stats. Ex. Sess. 1938, chap. 17), then provided that no such partial payment should constitute a redemption or affect the right, title or interest of the state, and that any such payment is merely ''compensation for the use of the real estate.'' (See *Higbie* v. *County of Los Angeles,* 47 Cal.App.2d 281 [117 P.2d 933].) There is nothing in the record from which it can be determined or held that when this property was sold by the state in 1940 it was sold for an excessive amount.

·Under the views herein expressed, it is unnecessary to consider respondent's further contention that any defects claimed and relied upon by the appellant have been cured by various curative statutes.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied June 30, 1944, and appellants' petition for a hearing by the Supreme Court was denied August 3, 1944.