## Lower Nazareth Township Supervisors' Appeal.

Argued October 3, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Russell C. Mauch,* of *Mauch & Goodman,* with him *Joseph A. Longo,* for appellants.

*Calvin F. Smith,* with him *Francis Johns Gafford,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, November 27, 1939:

This is an appeal by the supervisors of Lower Nazareth Township, Northampton County, from the order of the court below reducing the township budget from $31,734.26 to $6,053.00 and the millage for its tax levy from five mills to three mills and a half.

The proceeding is the first of its kind brought to our attention. It was instituted by taxpayers of the township under authority of "The Second Class Township Law" of May 1, 1933, P. L. 103, Art. IX, Sec. 908, 53 PS Sec. 19093-908, which provides that taxpayers whose property as assessed for taxable purposes shall amount to twenty-five per cent of the total valuation may, within fifteen days after the supervisors have completed the budget and determined the tax levy, "petition the court of common pleas of the county in which such township is located to examine into the necessity therefor and the reasonableness of the various items in the budget of the township and to reduce the proposed tax levy." The act goes on to provide that, on the hearing, "it shall be the duty of the court to examine into the necessity for and the reasonableness of the various items of the budget and the amount of the proposed levy" and to make an order approving the budget and levy, "or reducing or eliminating any one or more of the items of the budget and reducing the levy."

It will be appreciated, by any one called upon to consider this enactment, that the court of the county, familiar with its local affairs, is in far better position than we are to pass upon the matters arising under it. The courts are to pass upon the "necessity" for and the "reasonableness" of the items of the budget and the "amount" of the proposed levy. No one can adequately or with certainty do this, who does not know something of local conditions. Appeals in cases of this kind, coming before us, carry a heavy burden to show that the conclusion of the court of first instance was wrong.

The first contention of the appealing supervisors is that there was no proof that the petitioners owned property the value of which amounted to twenty-five per cent of the total valuation. It is sufficient to say that they so averred in their petition, and no answer was filed by the supervisors. The averment, therefore, stood unchallenged and proof was not required.

The second position of appellants is that there was no evidence that the expenditures contemplated in the budget were unnecessary or unreasonable. The largest item in the budget, amounting to more than $10,000, was for the improvement of a road. The court concluded, upon competent evidence, that the work was unnecessary. We are bound by this finding.

There were other items reduced: Interest on bonds, this followed because of a reduction in the bond issue which was to provide for the improvement of the road; snow removal; new tools and machinery; storage of machinery which one of the supervisors charged for in his own barn; other small items not necessary to enumerate. We are not in a position to controvert any of the court's findings on these items.

Having eliminated or reduced items in the budget, the court concluded that three mills and a half would produce the necessary revenue, and that five mills was not required. This reduction in the millage necessarily followed as a result of the paring of the budget.

Nothing in the record requires us to substitute our judgment for that of the court below.

Order affirmed at appellants' cost.