CITY OF BEACON, Appellant, v. COUNTY OF DUTCHESS, Respondent.— In this action to recover a real estate tax paid by plaintiff to defendant, plaintiff alleges that the budget of defendant for 1954 contained excessive appropriations and the surpluses in the various funds which could be expected at the close of fiscal year 1953 were underestimated, with the result that the real estate taxes required to be levied were too high and, in fact, could have been eliminated entirely had the surpluses in each fund been estimated correctly. This is an appeal by plaintiff from an order granting defendant's motion to dismiss the complaint for insufficiency. Order unanimously affirmed, without costs. In the absence

of express statutory authority (*Lower Nazareth Twp. Supervisors' Appeal,* 336 Pa. 250), courts do not have the power to review the exercise of discretionary powers by a municipal corporation as to estimates of money required to carry on the affairs of the municipality (*East St. Louis* v. *Zebley,* 110 U. S. 321, 324) except in cases involving fraud (*Otis* v. *Los Angeles Co.,* 9 Cal. 2d 366). Fraud is not alleged. If plaintiff was of the opinion that a particular appropriation was excessive, the time and place to have objected was at the public hearing required by section 359 of the County Law to be held before the budget was adopted; not having objected there, plaintiff should be held to have waived such an objection. (*Wall* v. *State of California,* 73 Cal. App. 2d 838; see, also, *Matter of Hermance* v. *Board of Supervisors of Ulster Co.,* 71 N. Y. 481, 488.) In any event, paragraph (m) of subdivision 1 of section 355 of the County Law requires only that estimated surpluses, rather than actual surpluses, in the various funds be applied to the reduction of the real estate tax levy. The difference between the actual surpluses and estimated surpluses, known as unappropriated cash surplus, may be appropriated by the Board of Supervisors at any time for "any lawful purpose" (County Law, § 366, subd. 1) and, therefore, such surpluses may not be required by the courts to be appropriated for the reduction of the real estate tax levy. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.