[L. A. No. 18904.   In Bank.    Mar. 13, 1945.]

LOVELL C. CHAMBERS, Appellant, v. JAMES A. DUVALL et al., Respondents.

Solon S. Kipp and W. E. Starke for Appellant.

Robert W. Kenny, Attorney General, John L. Nourse, Deputy Attorney General, J. H. O'Connor, County Counsel (Los Angeles), and A. Curtis Smith, Deputy County Counsel, as Amici Curiae on behalf of Appellant.

Herbert C. Kelly for Respondents.

SHENK, J.—The plaintiff brought an action to quiet title to real property based on a tax deed. The defendants alleged ownership in themselves. The trial court found that the tax deed was void on its face, and entered judgment for the defendants. The plaintiff appealed.

At the trial the plaintiff introduced the tax deed and rested. The defendants claimed the invalidity of the tax sale proceedings by reason of various asserted irregularities such as that the tax rate in the year involved produced more revenue than the budget requirement, resulting in an excessive rate; that the assessment roll and delinquent assessment roll failed to show the road district in which the land involved was located; that the amount stated in the delinquent list should have been reduced by the amount of the school tax and the penalties thereon; that the published delinquent list constituted a separate, folded section and therefore a supplement to rather than an integral part of the newspaper; and that the tax deed was void on its face because not in compliance with the requirements of section 3480 of the Revenue and Taxation Code. The trial court based its judgment on the last mentioned alleged irregularity.

Prior to the commencement of the action the plaintiff requested that a corrected deed be executed and delivered to him. His first request was denied on the ground that the deed received by him was in full compliance with the code requirements. He then commenced a proceeding for the writ of mandate to direct the issuance of a corrected deed. That proceeding was held in abeyance pending the outcome of the present action. On August 29, 1944, after the trial court in the present action had rendered a judgment against the plaintiff and the District Court of Appeal had affirmed it (150 P.2d 535),

the tax collector issued a corrected deed which is presented to this court on an application to take additional evidence pursuant to section 956a of the Code of Civil Procedure. It will be unnecessary to consider the application further in view of the determination herein on the principal question presented. That question is whether the trial court correctly held that the tax deed delivered to the plaintiff was incurably defective and therefore void.

Prior to the adoption of the Revenue and Taxation Code in 1939 (Stats. 1939, ch. 154), section 3785 of the Political Code provided the form of deeds on the sale of delinquent property to the state and on a transfer by the state to a purchaser at a delinquent tax sale. The Revenue and Taxation Code does not prescribe the form of deeds, but does specify certain recitals of fact to be included in the deeds in addition to the usual provisions of an instrument conveying real property. After the adoption of the Revenue and Taxation Code, on the advice of the attorney general's office, county officials continued to use the forms prescribed by section 3785 of the Political Code.

The plaintiff's tax deed is dated July 29, 1941, and follows the old form. In addition to the usual provisions of a deed it recites that:

(a) The real property described was duly assessed for taxation in the year 1935;

(b) Jas. A. Duvall was the assessee;

(c) Thereafter and on July 29, 1941, the property was duly sold to L. C. Chambers for nonpayment of delinquent taxes legally levied in 1935 which were a lien upon the property;

(d) The total amount for which the property was sold was $8.87;

(e) All taxes levied and assessed against the property prior to 1941 have been paid and discharged.

Then follows a granting clause "in pursuance of the statute in such case made and provided."

Section 3480 of the Revenue and Taxation Code provides that the deed shall recite:

(a) The year of sale to the state;

(b) That, for the year of sale to the state, the property was duly assessed for taxation and the tax legally levied;

(c) The name of the assessee in the year of sale to the state;

(d) The name of the purchaser at the tax sale and the fact and date that the property was sold to him for nonpayment of delinquent taxes which were a lien on the property;

(e) The amount for which the property was sold to the purchaser;

(f) That the property has been redeemed;

(g) That the property is conveyed to the purchaser according to law.

The defendants' contention was and is that the deed to the plaintiff did not contain the first specification of section 3480, namely, ''(a) The year of sale to the State.''

When the Legislature adopted the Revenue and Taxation Code in 1939 it also provided in section 2 that ''The provisions of this code in so far as they are substantially the same as existing statutory provisions relating to the same subject matter shall be construed as restatements and continuations, and not as new enactments.''

▆▆▆ The requirements for recitals in the deed specified by section 3480 of the Revenue and Taxation Code appear to be substantially the same as those specified in the form of deed prescribed by former section 3785b of the Political Code. Section 3480 does not prescribe the form of the deed to be given the purchaser at a tax sale. It merely specifies certain facts to be included in the deed. The first recital of fact, designated as ''(a),'' is couched in the statutory language, ''The year of sale to the State.'' Recital ''(b)'' requires a statement ''That, for the year of sale to the State, the property was duly assessed for taxation and the tax legally levied.'' Recital ''(c)'' requires the name of the assessee in the ''year of sale to the State.'' If the words ''year of sale to the State'' be deemed to mean the year ''in which'' the sale was made to the state, those words would have no relevancy to the subject matter intended to be recited. Subsection (b) of section 3480, and the corresponding recital in the form of deed prescribed by former section 3875b, afford the clue to what the Legislature had in mind, namely, the year the property ''was duly assessed for taxation.'' This is the only meaning which would give effect to the language of section 3480, intended, as declared by the Legislature, as a continuation of existing law requiring a statement of the year the property was duly assessed for taxation. ▆▆▆ No change in substance was effected by the Legislature in listing the recitals to be con-

tained in the deed rather than in prescribing the form of deed. The absence of a prescribed form denoted that substance rather than form should be the criterion. ■ That this significance of the words "year of sale to the State" is correct is further indicated by the fact that in 1943 (Stats. 1943, p. 1934) the Legislature amended section 3480 to substitute for the recital of "the year of sale to the State," the recital of "the year the property was assessed for taxation.". The amendment was clearly intended to eliminate the uncertainty. ■ The deed introduced by the plaintiff recites that in the year 1935 "the property was duly assessed for taxation." Since the pertinent facts prescribed by section 3480 are included in the deed in substance the recitals therein are in compliance with the requirements of that section. The same result follows when the recital in the deed that "all taxes levied and assessed against said property prior to the year 1941 have been paid and discharged," is compared with the recital (f) listed in section 3480 "that the property has been redeemed." The former is a more explicit statement of the facts. The latter is a conclusion from the facts stated. In substance the recitals may be said to be the same. The cases relied on by the respondents, such as *Henderson* v. *DeTurk*, 164 Cal. 296 [128 P. 747], and *Carter* v. *Chevalier*, 100 Cal. App. 567 [280 P. 706], to the effect that the legislative requirement of the form of deed renders form substance, are therefore not pertinent.

■ Furthermore, in 1943 (Stats. 1943, p. 1993) the Legislature enacted a validating and ratifying statute, by which it provided that every act and proceeding theretofore taken relative to the preparation, computing or fixing the budget or tax rate, or to the assessment or equalization of property or to the levy of taxes thereon or to tax sales or certificates of tax sales, tax deeds or other conveyances resulting from such assessment, equalization and levy, were thereby confirmed, validated and declared legally effective. By section 2 of the act its operation was limited to the correction of defects, irregularities and ministerial errors which the Legislature originally could have omitted from the statutory requirements under which the acts validated were taken, and to the validation of acts and proceedings to the extent permitted under the state and federal Constitutions.

In the present case the irregularities relied on by the de-

fendants, including the claimed irregularities in the recitals of the deed, were such as the Legislature could cure by ratifying statute. No question of lack of notice or other element of due process affecting the defendants' rights is involved. No rights of third parties had intervened. (See *Miller* v. *McKenna*, 23 Cal.2d 774 [147 P.2d 531].) The plaintiff was entitled to a deed conforming to the statutory requirements. The deed relied on by the plaintiff in the present action and the corrected deed issued to him after entry of judgment were attempts to comply with the statutory requirements in recognition of that right. In any event, the defects were cured by the 1943 act.

There is therefore no support for the trial court's holding that the deed was void. Other points do not require discussion.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.