[L. A. No. 18956. In Bank. May 1, 1945.]

CITY OF COMPTON, Respondent, v. JOHN J. BOLAND, Individually and as Administrator, etc. et al., Appellants.

[L. A. No. 18955. In Bank. May 1, 1945.]

LLOYD A. FRY ROOFING COMPANY (a Corporation), Respondent, v. JOHN J. BOLAND, Individually and as Administrator, etc. et al., Appellants.

Ralph Miller, Edwin J. Miller, John F. Poole and W. S. Weatherwax for Appellants.

Ralph K. Pierson, City Attorney (Compton), John F. Bender, Special City Attorney, and Gizella Loshoncy for Respondent.

Robert W. Kenny, Attorney General, John L. Nourse, E. G. Benard and Daniel N. Stevens, Deputies Attorney General, J. H. O'Connor, County Counsel, and A. Curtis Smith, Deputy County Counsel, as Amici Curiae on behalf of Respondent.

SHENK, J.—In one action the city of Compton sought to quiet title to lots 1, 2, 22 and 23 of the Boland Tract in the city of Compton, county of Los Angeles. In another action Lloyd A. Fry Roofing Company sought to quiet its title to lots 5 and 6, 8 to 20 inclusive, and 25 and 26 of the Boland Tract, and lots 50, 51, 52, 65 and 66 of Tract 9584 in said city. In each case the plaintiff relied on a tax title. In each the defendants relied on irregularities in the tax sale proceedings to avoid the title of the respective plaintiffs. The court found for the plaintiff in each case and decreed ownership accordingly. The defendants appealed from the judgments. As the defendants and appellants were practically the same in each case the appeals were consolidated and submitted on one set of briefs.

Not all of the lots mentioned are involved in the controversy on the appeals, but it is not necessary to designate specifically those in question except as they receive special mention. Nor is it necessary to specify assessment years or other facts except as noted.

Some of the lots were sold to the state on June 30, 1928, for 1927 delinquent taxes. On September 25, 1933, the Los Angeles County Tax Collector executed deeds conveying them to the state.

Upon the termination of the period of redemption (Rev. & Tax. Code, §§ 3511.3, 3511.5 and 3572) and pursuant to an agreement dated January 7, 1945, between the city of Compton and the Board of Supervisors of Los Angeles County, the city of Compton by deed acquired the lots which were also delinquent for city taxes. By quitclaim deed, for a stipulated consideration, the city of Compton transferred to Fry Roofing Company its interest in certain of the lots.

██ The first point urged by the defendants in support of their appeals is that the 1927 county tax levy was excessive, thereby resulting in an invalid tax rate. It is stated that the tax levy for that year was excessive by $.0051637 for each $100 of assessed valuation because $61,554.38 of unsecured personal property was not taken into consideration by the board to reduce the tax on real property for the benefit of the general fund, and $86,705.70 of unsecured personal property was left out of consideration in relation to reduction of the tax on real property for the benefit of the salary fund. It is not disputed that in the preparation of the budget these items were not included. The defendants rely on *Otis* v. *Los Angeles County,* 9 Cal.2d 366 [70 P.2d 633]. In that case it was held that the excessive portion of the tax was illegal. That action was to obtain a refund of the excessive portion of the tax paid. The assumption here of the invalidity of a portion of the tax would not avail the defendants. They had an opportunity to have the budget corrected. (Pol. Code, § 3714.) In *Strong* v. *Mack,* 64 Cal.App.2d 739 [149 P.2d 401], a similar contention was rejected in an action to quiet title. It was there held that the error of the board did not invalidate the entire tax levy and must be deemed to have been waived by failure to enter an appropriate objection.

██ Furthermore, in 1943 the Legislature passed a curative act entitled: "An act to validate certain acts of counties, cities and counties and of their officers relating to taxation of property." (Stats. 1943, p. 1993; Deering's Gen. Laws, Act 8443.) Section 1 provides that every act and proceeding theretofore taken relative to the "preparation, transmitting, computing, determining or fixing the budget or the tax rate or rates" or to "the assessment or equalization of property or to the levy of taxes thereon or to tax sales or certificates of tax sales, tax deeds or other conveyances resulting from such assessment, equalization and levy" were confirmed, validated and declared legally effective. The effect of sections 2(a) and 2(b) of the act was to except from the curative force of the statute so-called jurisdictional defects, and to harmonize the legislative intent with constitutional guarantees. In *Miller* v. *McKenna,* 23 Cal.2d 774, 781 [147 P.2d 531], this court gave full recognition to the legislative power to enact a curative provision to correct other defects and irregularities, and to the effective application thereof in pending litigation. The

decision in that case withheld from the application of the act, in accordance with the limitation of section 2(b) thereof, the vested right of the plaintiff which had intervened prior to the effective date of the curative statute. Here no intervening rights are involved and the irregularity complained of, not being such as to deprive the officials of jurisdiction to levy the tax, must be deemed to have been cured by the 1943 act. The foregoing conclusions apply also to the 1929 tax as to which a similar contention is made.

Next the defendants contend that the Boland Tract was not included in the city of Compton improvement bond assessment and that the attempted assessment was therefore invalid. They concede that the diagram and the assessment as required by the Improvement Act of 1911 (§ 201, Stats. 1911, p. 730, as amended; Deering's Gen. Laws, Act 8199) mentioned the Boland Tract, but assert that there was nothing in the assessment to show that the Boland Tract was included because, although the words "Boland Tract" with map and page number were mentioned on the roll, and lots numbered 1 to 26 were listed, there were no ditto marks or other indication that the lots were part of the Boland Tract. Examination of the record and the exhibits discloses that there was a substantial compliance with the requirements. Assuming, however, that irregularity existed, the defendants' remedy for a correction was provided in section 26 of the act by a proceeding commenced within thirty days after the recording of the warrant, diagram and assessment. Failure to pursue the remedy barred the defendants from asserting such invalidity. (*Noyes* v. *Chambers*, 202 Cal. 542 [261 P. 1006].)

The next contention is that the 1927 and 1929 notices of delinquency contained incorrect amounts, and that consequently the sales were for amounts less than the amounts computed by the defendants as the correct amounts. The plaintiffs on the other hand, make computations which are in accordance with the figures stated in the notices. The defendants in this respect rely on cases, such as *Dougery* v. *Bettencourt*, 214 Cal. 455, 461, 462 [6 P.2d 499], and *Clayton* v. *Schultz*, 22 Cal.App.2d 72 [70 P.2d 512], holding that where all prerequisites as to notice are not strictly complied with, the sale is void. Assuming some error in the amount stated in the notices, the result sought by the defendants does not follow from the cited cases.

The Dougery case involved the sale of lands within a reclamation district for delinquent assessments and the failure to comply with section 3480 of the Political Code requiring as the final step in the sale to a purchaser of delinquent land that a copy of the certificate of sale be recorded in the county recorder's office. It was held that the step was necessary to a valid sale, that the rule that proceedings on tax sales were *in invitum* was applicable, that recording the certificate was an indispensable step, and that failure to record the certificate rendered the sale void.

In *Clayton* v. *Schultz* it was held that publication of the delinquent list as a supplement to a newspaper was contrary to the requirement of section 3766, Political Code (as amended in 1921) that the list be published in the newspaper; that publication in the newspaper, rather than in a supplement, was a necessary step, and that failure to comply therewith rendered void a tax sale based thereon.

Other cases recognizing the force of the rule relied on by the defendants need not be reviewed. Our office here is to determine the applicability of the 1943 act to cure the irregularities complained of and if it is applicable, to declare its effect on the tax deeds relied on by the plaintiffs. By the language of section 1, the curative force applies to every act and proceeding theretofore taken relative to the preparation, transmitting, computing, determining or fixing the budget or the tax rate or rates, or to the assessment or equalization of property, or to the levy of taxes thereon, or to tax sales or certificates of tax sales, tax deeds or other conveyances resulting from such assessment, equalization and levy. Consequently, all budget preparations, rates, equalizations, assessments, levies and the tax sales, certificates and conveyances resulting therefrom, were confirmed, validated and declared legally effective unless by section 2(a) the irregularity consisted of the omission of a jurisdictional step essential to the observance of constitutional guarantees.

In *Miller* v. *McKenna, supra,* it was said: "While the Legislature cannot cure the omission of jurisdictional requisites, the manner of procedure, after jurisdiction is acquired and the mandates of due process are complied with, are matters within the legislative discretion and may be subject to the exercise of the healing power so long as further constitutional inhibitions are observed." Likewise, the Legislature may pre-

scribe changes in the manner of pursuing jurisdictional steps. If the notice is adequate to comply with due process the Legislature may make changes in the mode or manner of giving notice, or the details of the matter to be contained therein.

It follows that if the Legislature could have omitted a detail in the giving of the notice or in the content thereof, it could exercise the healing power to cure an omission or irregularity in the same respect. We may assume that the requirement for publication of delinquency and notice (Pol. Code, § 3764) constitutes a jurisdictional prerequisite; but the form and content thereof are details which are subject to legislative or administrative discretion, and defects therein are related to the mode of the exercise of the power, which being merely directory, may be made effective by a curative act. (*People* v. *Van Nuys Lighting District,* 173 Cal. 792, 797 [162 P. 97, Ann.Cas. 1918D 255].)

The purpose of the validating statute is to rehabilitate tax-deeded property and procure its return to the tax rolls. The accomplishment of the purpose is conducive to equality in assessments for the support of government and therefore to stability in government. It is a matter of public importance, therefore, that the validating act be applied to effectuate the legislative purpose so long as constitutional mandates are observed.

We conclude that the irregularity directly under discussion, namely, the statement of incorrect amounts in the notices of delinquency, as well as the irregularities in the fixing of the budget and tax rates, were cured by the 1943 act. The same result follows as to the defendants' remaining claims of irregularity which are: that the words ''penalties and costs'' were omitted from a specified statement appended to the notice; that lot 25 was not sufficiently described in the published delinquent tax list; and that the tax deeds were void on their face.

The asserted omission of the words ''penalties and costs'' or ''penalties,'' is the same irregularity involved in *Bussenius* v. *Warden,* 71 Cal.App. 717 [236 P. 371]; *Jones* v. *Walker,* 47 Cal.App.2d 566 [118 P.2d 299]; *Miller* v. *McKenna, supra,* and other cases cited therein. Prior to the adoption of the 1943 curative act an irregularity in the contents of the published delinquent list and appended notice which indicated that penalties and costs were not included in the amount stated

invalidated the tax sale. In view of the effect of the 1943 act in curing that irregularity the cases relied on by the defendants are not controlling.

The defendants' contention that Lot 25 of the Boland Tract was insufficiently described is likewise without merit for similar reasons. Although that lot was misdescribed in the preliminary portion thereof, the notice of sale adequately referred to and described the lot as "Lot 25 assessed to John J. Boland (Adm)."

The defendants urge that since the deeds to the purchasers did not state the fact and date of sale by the tax collector to the city of Compton, they were void on their face. The defendants rely on section 3480 of the Revenue and Taxation Code which was adopted in 1939, effective February 1, 1941. That code did not provide the form of deed to be executed, but section 3480 listed the facts to be recited in the deed. Subsection (d) required the recital of the name of the purchaser at the tax sale and the fact and date that the property was sold to him for nonpayment of delinquent taxes which were a lien on the property. The deeds to which the defendants refer in support of their contention are twenty-two tax deeds to the state (executed several years prior to the effective date of the Revenue and Taxation Code) on each of which is stamped in the margin the fact that the property was deeded to the city of Compton on June 14, 1942, "as per tax collector's report. . . ." etc. In accordance with our recent decision in the case of *Chambers* v. *Duvall, ante,* p. 139 [156 P.2d 921], the information appearing on the face of the deed is a substantial and therefore proper compliance with the requirements of the section relied on.

Lastly, the defendants contend that notice was not mailed to the assessee, John J. Boland, Admr., and that he did not receive notice. The assessment list did not show an address for John J. Boland, Admr., and in the absence thereof the notice was sent within due time by registered mail addressed to him at the county seat with a thirty-day return direction thereon. The defendants' contention is without merit inasmuch as the mailing was in accordance with the provisions of section 3799 of the Revenue and Taxation Code (formerly Pol. Code, § 3897d).

Other points do not require discussion.

The judgments are affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied May 28, 1945.