[L. A. No. 18929. In Bank. May 8, 1945.]

LYNN WARWICK BARRETT, Appellant, v. LEONARD H. BROWN, Respondent.

Edwin J. Miller for Appellant.

Raphael L. Dechter for Respondent.

Robert W. Kenny, Attorney General, and John L. Nourse and E. G. Benard, Deputies Attorney General, as Amici Curiae on behalf of Respondent.

SHENK, J.—In November, 1942, the plaintiff commenced an action to quiet title to a parcel of land in Los Angeles County which had been sold for delinquent taxes. The defendant, Leonard Brown, hereinafter referred to as the defen-

dant, bought the property at the delinquent tax sale and relied on a tax deed of date July 20, 1942. The trial court found in his favor and entered judgment accordingly. The plaintiff has appealed.

The plaintiff's ownership of the property prior to the tax sale was not questioned. The outcome of the appeal depends upon the correctness of the trial court's finding and conclusion that, by virtue of the tax sale and deed, the plaintiff no longer owned the property and that the defendant was the owner thereof.

The plaintiff relied on certain irregularities in the tax sale proceedings to establish a continuation of his title. The property was sold for delinquent 1936 taxes. At the time of the publication of the delinquent tax list in 1937, section 3766 of the Political Code contained a general provision that the publication be made once a week for three successive weeks in some newspaper of general circulation published in the county. Special provisions were included by an amendment adopted in 1935 (Stats. 1935, p. 1572) which applied only to counties of the first class, requiring that the portion of the delinquent tax list, covering property in the unincorporated area and in cities in which there was no newspaper of general circulation, be published in a newspaper of general circulation published in the county seat, but that the portion of the delinquent tax list, covering property in a city (other than the county seat) in which there was a newspaper of general circulation, be published in the city or town where the property was located.

The real property here involved is located in the city of Lynwood in Los Angeles County. The Lynwood Press, a newspaper of general circulation, is published in that city. In 1937 that portion of the delinquent tax list covering property located in Lynwood was published in that newspaper and was not published in any other newspaper in the county. The portion of the delinquent tax list covering property located in unincorporated territory, in cities where there was no newspaper of general circulation, and in the county seat, was published in a newspaper of general circulation published in the county seat.

Los Angeles is the only county of the first class, and admittedly the publication of the 1937 delinquent tax list was in accordance with the foregoing special provisions of the Politi-

cal Code. In 1939 the Legislature adopted the Revenue and Taxation Code. The foregoing general provisions of former section 3766 of the Political Code were incorporated in section 3356 of the Revenue and Taxation Code; and the foregoing special provisions relating to counties of the first class only were included in sections 3391 et seq. of that code.

In May, 1941, this court decided *Consolidated Printing & Publishing Co.* v. *Allen,* 18 Cal.2d 63 [112 P.2d 884]. In that mandamus proceeding the petitioner succeeded in preventing the award of contracts for the publication of the 1940 delinquent tax list in Los Angeles County in accordance with the special provisions of sections 3391 et seq., of the Revenue and Taxation Code, and in requiring the publication of the list in accordance with the general provisions of section 3356 of that code. We held that there was no natural or intrinsic reason why Los Angeles County should be classified apart from other counties in the state for tax purposes, and that therefore the Legislature exceeded its powers in enacting special provisions relating to the publication of the delinquent tax list in Los Angeles County; also that the enactment of the special provisions in relation to collection of taxes was forbidden by subdivision 10 of section 25 of article IV of the state Constitution.

The plaintiff relies on our decision in that case to support his conclusion that the publication of the 1937 delinquent tax list in Los Angeles County pursuant to the special provisions resulted in a void tax deed and that he is still the owner of the property. The conclusion of the plaintiff is not, however, corollary to the holding in the Allen case. The Allen case did not involve a published delinquent tax list or the validity of tax titles. It was concerned solely with the power of the Legislature to enact the special provisions relating to classification of counties in tax matters. Here there was an actual publication of a portion of the delinquent tax list which included the plaintiff's property. This publication was in a newspaper of general circulation published in the county and in the city in which the plaintiff's property was located. The publication was complete in every respect except that it did not include all of the property in the county delinquent for nonpayment of taxes and sought to be sold at the same time. As above stated the publication of the entire delinquent list was split between more than one newspaper of general circu-

lation published in the county. We may assume the application of the general provision as a prerequisite step in tax sale proceedings. We may also assume that the defective publication, without more, would have been fatal under the *in invitum* rule. But in 1943 the Legislature enacted a curative act entitled: "An act to validate certain acts of counties, cities and counties and of their officers relating to taxation of property." (Stats. 1943, p. 1993.) The content and effectiveness of that act and its application in pending litigation have been considered in the recent cases of *Miller* v. *McKenna,* 23 Cal.2d 774 [147 P.2d 531]; *Chambers* v. *Duvall, ante,* p. 139 [156 P.2d 921]; and *City of Compton* v. *Boland, ante,* p. 310 [158 P.2d 397]. It was thereby determined that, assuming certain jurisdictional steps to have been taken, the details in the mode or manner of pursuing those steps may be changed by the Legislature within constitutional bounds and that if such steps have been defectively pursued the irregularities may be cured by the validating act. In *City of Compton* v. *Boland, supra,* it was said: "If the notice is adequate to comply with due process the Legislature may make changes in the mode or manner of giving notice, or the details of the matter to be contained therein." There is no question that notice of the delinquency of the tax on the plaintiff's property was contained in a newspaper of general circulation published in the county in accordance with the general provision of the statute. The fact that other property was not included in the publication does not vitally disparage the fact of notice to the plaintiff; nor has the plaintiff been deprived of any constitutional right. Cases of so-called "split" publication or publication in a supplement to, rather than in the newspaper itself, where a curative act was not involved, are not in point. Such cases deal with the question of the intent of the Legislature regarding publication.

The intent of the Legislature by the general provision to require publication of the entire delinquent list in one newspaper may not be disputed. We have here the question of the effect of the validating act in respect to the sale of property included in the publication of a portion of the delinquent list, when another portion of the delinquent list was omitted from that publication or was published in another newspaper. Our decisions in the foregoing cited cases are determinative of the question and, since the method of publication is of

legislative direction generally, it is also subject to the curative power of the Legislature. The effect of the validating act in this case is to bring the publication of the 1937 delinquent list in Los Angeles County under the general provision of section 3766 of the Political Code (now Rev. & Tax. Code, § 3356), and to cure the irregularity in the method pursued thereunder.

The plaintiff contends that the defendant's tax title is ineffective because of alleged irregularities in the form and execution of affidavits, the statement of an erroneous amount in the publication of the 1942 delinquent tax list as the least acceptable bid, and the omission from the recitals in the tax deed of the date of the sale by the tax collector to the defendant (Rev. & Tax. Code, § 3480d). A corrected tax deed was executed and admitted in evidence at the trial. The alleged irregularities, if they were such, were cured by the provisions of the 1943 curative act; also by the execution and delivery of the corrected deed containing the required recitals in accordance with the facts (*Fox* v. *Townsend*, 152 Cal. 51 [91 P. 1004, 1007]; *Webster* v. *Somer*, 159 Cal. 459, 462 [114 P. 575]; *Morton* v. *Sloan*, 96 Cal.App. 747, 752 [275 P. 223]; see, also, *Smart* v. *Peek*, 213 Cal. 452, 458 [2 P.2d 380]; *Newcomb* v. *City of Newport Beach*, 7 Cal.2d 393, 405 [60 P.2d 825]).

Other contentions do not require discussion. An examination of the record shows that there was no prejudicial error in the admission or rejection of evidence; that the findings are sufficient to cover the issues presented by the pleadings, and that the evidence supports the findings which in turn support the judgment.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied May 31, 1945. Carter, J., voted for a rehearing.