[Civ. No. 3194. Fourth Dist. Apr. 5, 1946.]

CLIFFORD S. WALL, Appellant, v. STATE OF CALIFORNIA etc., et al., Respondents.

Roy A. Linn for Appellant.

Robert W. Kenny, Attorney General, E. G. Benard, Deputy Attorney General, Norbert Baumgarten, County Counsel (Kern), Harold W. Kennedy, County Counsel (Los Angeles) and A. Curtis Smith, Deputy County Counsel (Los Angeles) for Respondents.

GRIFFIN, J.—Plaintiff, by his first amended complaint, filed December 6, 1944, is seeking relief under the provisions of chapter 5.7, part 6, division 1 of the Revenue and Taxation Code, and asks for an interlocutory judgment determining the correct amount of taxes properly chargeable against his property upon redemption. Several parcels of property

are involved. They are situated in the Mojave and Red Rock School Districts and also in Antelope Valley Joint Union High School District. Each school district, the county of Kern, as well as the State of California, were made party defendants.

Plaintiff claims first, that the county illegally budgeted, levied a tax for, collected, and appropriated large sums of money as donations to the American Legion, the Veterans of Foreign Wars, the Disabled Veterans, and the Spanish-American War Veterans. The tax for this purpose covered the fiscal years from 1931-1932 to 1942-1943 inclusive. The first amended complaint sets forth in detail these claimed defects, inconsistencies and illegalities (together with other claimed defects which will hereinafter be mentioned), for the several years above set forth. Demurrers to the first amended complaint were sustained without leave to amend. Plaintiff thereafter moved to amend and presented therewith his proposed second amended complaint for filing, which second amended complaint greatly amplified and restated these same contentions. The motion was denied. Judgment of dismissal followed. Plaintiff appealed.

It is argued that the tax sale and tax deeds of plaintiff's property were, on the first ground, invalid because the taxes were levied to make "gifts," in contravention of article IV, section 31 of the Constitution of California.

The appropriation to several veterans' organizations commenced in 1931 in the approximate sum of $12,000, and reached the approximate sum of $19,000 in 1943. Exhibit C, attached to the second amended complaint, is a copy of the Kern County Budget for the year 1933-1934, and shows the manner in which the items were listed and the purposes for which the appropriations were made. They appear under the heading "County Miscellaneous Expenditures . . . Maintenance and Operation . . ." Then follows "American Legion . . . allowed 6/30/34 $9,000 . . . Disabled Veterans World War $900 . . ." etc. Then follows a "detailed statement of veterans' items" in which each organization in the American Legion is named, setting forth its class and a segregation of its general allowance into such items as "Salaries and Wages," "Maintenance and Operation" and "Capital Outlay." The same system of budgeting prevailed as to appropriations to other veterans' organizations.

Many cases are cited, such as *Dranga* v. *Rowe,* 127 Cal. 506 [59 P. 944], which in effect hold that to be valid, the assessment and levy must be made strictly as provided by law, and that all proceedings in the nature of assessing property for the purpose of taxation, and in levying and collecting taxes thereon are *in invitum,* and must be *stricti juris.*

Defendants argue that it is within the power of counties to make such appropriations and that they constitute a public purpose and therefore such appropriations are not a violation of article IV, section 31 of the Constitution; that the statutory authority for such action by counties is contained within sections 1261 and 1262 of the Military and Veterans Code, which read in part as follows:

"§ 1261 . . . Any political subdivision may lease any lot or building . . . or may acquire and lease or sub-lease any lot or building or part thereof for not exceeding twenty years, to a veterans' association organized in such political subdivision, to be used for the purposes of such veterans' association. The rental shall be fixed by the governing body of the political subdivisions. . . .

"§ 1262 . . . Any county may provide and maintain buildings, memorial halls, meeting places, memorial parks, or recreation centers for the use or benefit of veterans' associations. For these purposes the board of supervisors of any county may" lease buildings, manage, and control the same, furnish and repair such buildings, and provide custodians and employees for their maintenance, and may appropriate public money for any other similar purposes in connection therewith. See subdivisions (a) and (b) inclusive, section 1262, *supra.* These sections are based on former section 4041f of the Political Code. The constitutionality of the latter section has been upheld in *Allied Architects' Assn.* v. *Payne,* 192 Cal. 431 [221 P. 209, 30 A.L.R. 1029], and the appropriation of public money for such reasons has been held to be for a public purpose and that it did not constitute a gift contrary to said constitutional provision. (*Board of Directors* v. *Nye,* 8 Cal. App. 527 [97 P. 208]; *Veterans' Welfare Board* v. *Riley,* 189 Cal. 159 [208 P. 678, 22 A.L.R. 153]; *Veterans' Welfare Board* v. *Jordan,* 189 Cal. 124 [208 P. 284, 22 A.L.R. 1515].)

■ . The appropriations, as far as the budget appears, are valid and in conformity with the power granted by sections 1261 and 1262 of the Military and Veterans' Code, *supra.*

The fact that plaintiff pleaded that the appropriations were *gifts* is but a conclusion of the pleader. ■ Conclusions alleged in a pleading contrary to the facts pleaded are not considered as controlling. (*Gosewisch* v. *Doran,* 161 Cal. 511, 516 [119 P. 656, Ann.Cas. 1914D 442] ; *Glide* v. *Dwyer,* 83 Cal. 477 [23 P. 706] ; *Silvers* v. *Grossman,* 183 Cal. 696 [192 P. 534] ; *Menzel* v. *Primm,* 6 Cal.App. 204, 211 [91 P. 754] ; 21 Cal.Jur. p. 44, § 24.)

■ It was stated in *Rideout* v. *Eich,* 105 Cal.App. 597 [288 P. 450], that the Budget Act should be given a reasonable construction. The fact that such appropriations might be or might have been expended erroneously or illegally, is not open to attack in this proceeding. Nothing to the contrary is alleged. ■ Furthermore, as to any objections to said budget appropriations, the failure of the taxpayer to appear and register such objections at the budget hearings prescribed by section 3714 of the Political Code effectively waived such objections. (Curative Act of 1903, Stats. 1903, p. 63, chap. LIX, Deering's Gen. Laws, Act 8469; Curative Act of 1943, Stats. 1943, chap. 458, Deering's Gen. Laws, Act 8443; Curative Act of 1945, Stats. 1945, chap. 1134, Deering's Gen. Laws, Act 8443a; *Strong* v. *Mack,* 64 Cal.App.2d 739 [149 P.2d 401] ; *City of Compton* v. *Boland,* 26 Cal.2d 310 [158 P.2d 397] ; *Chase* v. *Trout,* 146 Cal. 350 [80 P. 81] ; *Gottstein* v. *Gray,* 66 Cal.App.2d 587, 592 [152 P.2d 742].) In this connection it is also argued by plaintiff that the Legislature could not have originally authorized the levies made for the benefit of the veterans' organizations, and therefore it had no power to pass a curative act which would validate and in effect be levying such tax by the Legislature, acting indirectly through a county or city, citing *City of Los Angeles* v. *Lewis,* 175 Cal. 777 [167 P. 390] ; Const. art. IV, § 31; Const. art. XI, § 12; *City of Redwood City* v. *Myers,* 7 Cal.2d 283 [60 P.2d 291, 108 A.L.R. 727] ; *City & County of San Francisco* v. *Liverpool & L. & G. Ins. Co.,* 74 Cal. 113 [15 P. 380, 5 Am. St.Rep. 425] ; *Gottstein* v. *Gray, supra.*

In *Gottstein* v. *Gray, supra,* cited and relied upon by plaintiff, the court said, at page 592:

"The Legislature may, if it sees fit, do away with a budget plan and adopt another, and it may validate the defective proceedings under the budget plan, except where the omitted steps were necessary to constitute due process of law or to

comply with any other constitutional prerequisite." (Citing *Chase* v. *Trout supra.*)

 As to the appropriations for veterans' associations, they are authorized by statute, and as far as the budget shows, were appropriated pursuant to said statute, which said statute has been held constitutional, and, as to any procedural or ministerial defects in the description of the appropriation in the budget or otherwise, they are waived by failure of the taxpayer to object at the budget hearing, and are validated by the Curative Acts of 1943 and 1945.

Summarizing plaintiff's additional objections to the tax sales in question, he complains (1) that the tax rates fixed raised more money than was required by the budget and were thus excessive; (2) that the Mojave School District levied a separate kindergarten rate when none was authorized by statute, which rate should have been added to the regular school rate; (3) that there were certain irregularities in the failure of the tax roll to show the proper funds and districts involved; (4) that there was a single tax deed made for all of the parcels even though separately assessed; and (5) that the delinquent tax list was published in a supplement to the official newspaper described and was therefore not published in a newspaper of general circulation, and certain other claimed procedural irregularities, such as erroneous statement of penalties and costs, and that the delinquent list showed the amount of taxes due to be one cent less than the amount actually due.

 It seems clear to us that the curative acts are also properly applicable to all of the circumstances above related on the basis of the decisions that have interpreted those acts.

As to objection number one, the complaint alleges that during certain specified years the board of supervisors fixed a tax rate for certain items set forth in the budget and that the sum raised by the tax exceeded the amount specified in the budget, such as, in the year 1931-1932 the board approved the sum of $30,386 for special advertising; that a rate of .02 was applied to the assessed value of the property in the county; that there was an excess of $4,446.33 raised for that purpose over and above the amount budgeted; that therefore the rate was excessive and illegal to that extent. It is claimed that an excess of $43,264.34 was raised for the payment of a highway bond of 1913; that in that same year the budget, as

adopted, called for an expenditure of $1,378,810; that a tax rate of $.83 on each $100 value raised $1,441,200.24, an excess of $62,390.24; and that the tax rate was excessive by $.0775 for $100 valuation. Several similar claims are made as to levies made, and excess funds raised thereby, in the several school districts here enumerated. It is also alleged that such excess rates illegally increased the taxes upon plaintiff's property and that such tax levy did not include unsecured personal property tax. In this connection, plaintiff cites *Otis* v. *Los Angeles County* (1937), 9 Cal.2d 366 [70 P.2d 633].

There is language used in that case tending to support plaintiff's argument. The curative acts above mentioned, and relied upon by defendants, were enacted in 1943 and 1945, respectively. These curative acts validate anything the Legislature could have dispensed with or any matter of procedure for which the Legislature could have provided.

In *Chambers* v. *Duvall*, 26 Cal.2d 139 [156 P.2d 921], defendants claimed the invalidity of the tax sale proceedings by reason of various asserted irregularities, one of which was that the *tax rate in the year involved produced more revenue than the budget requirements, resulting in an excessive rate.* In that case the court held that the irregularities relied on were such as the Legislature could cure by ratifying statute.

It was said in *Miller* v. *McKenna*, 23 Cal.2d 774 [147 P.2d 531], that the Legislature can cure all matters within its sphere except defects sometimes termed jurisdictional. Among jurisdictional requisites are: "(a) a duly constituted taxing authority; (b) property to be taxed within the territorial jurisdiction of the taxing body; (c) property or subject matter legally subject to the tax; and (d) sufficient notice and opportunity for hearing to constitute compliance with due process"; and the Legislature "may not enact curative legislation, the effect of which would be to destroy or unlawfully infringe upon vested rights." In the instant action, according to the allegations, we perceive no violation of the due process clause of the Constitution. The facts recited do not bring plaintiff's case within the exceptions noted.

As to the second objection, the allegation is that in 1931-1932 the board of supervisors, in respect to the Mojave School District Kindergarten fund, made a levy of $.15 per $100 assessed valuation; that the statute made no provision for the levy of such a tax at that time; that the statute

allowing such a levy was repealed prior thereto and that therefore the levy, in 1931, was illegal.

The total tax for school purposes was not increased. It was merely levied in two parts instead of one. Under sections 4.440, et seq. of the School Code of 1929, the duty devolved upon the board of supervisors to levy a tax for a "Kindergarten Fund" according to estimates furnished and approved. Kindergartens were not to be supported from State Elementary School funds. (*Los Angeles County* v. *Kirk*, 148 Cal. 385 [83 P. 250]; 23 Cal.Jur., p. 76, § 43.) The Legislature (Stats. 1931, chap. 1184, § 8, p. 2493) added section 4.375 to the School Code. This act amended section 4.440, *supra*, and repealed sections 4.460 to 4.501 inclusive and certain other sections. Section 4.375 then provided a maximum tax rate for elementary school districts when such districts maintained one or more kindergartens. In 1937 that section was repealed (Stats. 1937, p. 691, chap. 313), and a new section, number 4.375, was added which provided for a maximum tax for combined kindergarten and elementary school purposes. The error complained of, if any, was one not involving due process and not one included within the so-called jurisdictional defects noted in the above-mentioned exceptions. The claimed irregularity did not deprive the taxing officials of jurisdiction to levy the tax. No objection was made to the budget as presented and approved. (Pol. Code, § 3714; *City of Compton* v. *Boland, supra.*) ▓ The 1945 Curative Act includes school district levies and under *Southern Service Co. Ltd.* v. *Los Angeles County*, 15 Cal.2d 1 [97 P.2d 963], and *City of Compton* v. *Boland, supra*, that act may be effective as to pending litigation. In those cases curative acts were applied to pending litigation. (See, also, *Miller* v. *McKenna, supra.*)

▓ The Supreme Court, since the decision in *Gottstein* v. *Gray, supra*, (particularly relied upon by plaintiff), in *Chambers* v. *Duvall, supra*, speaking through Mr. Justice Shenk, stated that:

". . . in 1943 (Stats. 1943, p. 1993) the Legislature enacted a validating and ratifying statute, by which it provided that every act and proceeding theretofore taken relative to the preparation, computing or fixing the budget or tax rate, or to the assessment or equalization of property or to the levy of taxes thereon or to tax sales or certificates of tax sales,

tax deeds or other conveyances resulting from such assessment, equalization and levy, were thereby confirmed, validated and declared legally effective. By Section 2 of the act its operation was limited to the correction of defects, irregularities and ministerial errors which the Legislature originally could have omitted from the statutory requirements under which the acts validated were taken, and to the validation of acts and proceedings to the extent permitted under the state and federal Constitutions.

"In the present case the irregularities relied on by the defendants, including the claimed irregularities in the recitals of the deed, were such as the Legislature could cure by ratifying statute. No question of lack of notice or other element of due process affecting the defendants' rights is involved. No rights of third parties had intervened."

From the authorities cited and discussed, the application of the curative acts above mentioned precluded a recovery by plaintiff under the facts here alleged.

The same result follows as to plaintiff's remaining claims of irregularities. (*Barrett* v. *Brown,* 26 Cal.2d 328 [158 P. 2d 567]; *City of Compton* v. *Boland, supra; Penaat* v. *Terwilliger,* 23 Cal.2d 865 [147 P.2d 552].)

Judgment and order affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied April 26, 1946, and appellant's petition for a hearing by the Supreme Court was denied June 3, 1946.