[L. A. No. 20345. In Bank. Apr. 22, 1949.]

CLIFFORD S. WALL, Appellant, v. M. & R. SHEEP CO. (a Copartnership) et al., Respondents.

Roy A. Linn for Appellant.

Borton, Petrini, Conron & Borton and Harry M. Conron for Respondents.

SHENK, J.—This is an appeal by the plaintiff in a quiet title action from a judgment based on an order sustaining a demurrer to the complaint without leave to amend.

The allegations of the first amended complaint show the following: The plaintiff claims ownership of six noncontiguous sections and fractional sections of land in the Mojave School District in Kern County. The first installments of the 1931-32 taxes on the several separately assessed parcels were paid. On June 30, 1932, the second installments were delinquent and the properties were marked "sold to the State." On July 26, 1937, the tax collector executed a single deed to the state covering all of the parcels. On October 14, 1943, the tax collector sold the properties to the defendants who claim some right or interest therein adverse to the plaintiff.

To support his allegation of ownership and to defeat the alleged claims of the defendants the plaintiff set forth numerous irregularities in the tax budgets and levies for the several fiscal years commencing 1931-1932, and defects in the tax rolls and delinquent tax sale proceedings whereby invalidity is said to follow. Included are claimed unauthorized appropriations for various veteran organizations which purported to increase the tax rates in excess of authorized budget requirements, and claimed excesses in school district tax rates. Also involved are asserted defects in the publication of the delinquent list in 1937 and in the tax deed to the state whereby the several noncontiguous parcels in one ownership were listed in the published notice in one group and included in the deed in like manner.

The first amended complaint was filed in June, 1945. In December, 1944, the plaintiff brought an action against the State of California pursuant to sections 3618 et seq., of the Revenue and Taxation Code whereby a person entitled to redeem tax-deeded property could contest the validity of the 1932 tax sale and the tax deed to the state and obtain corrections of claimed irregularities. The same irregularities and defects here involved were alleged in the complaint in that action. Judgment of dismissal entered on an order sustaining a demurrer to the complaint without leave to amend was affirmed on appeal. (*Wall* v. *State of California*, 73 Cal. App.2d 838 [167 P.2d 740], decided April 5, 1946.) It was held in that case that there was no illegality in the budget appropriations for veteran organizations because they were in conformity with the power granted by sections 1261 and 1262 of the Military and Veterans Code previously held to be constitutional. The claimed irregularities otherwise in the budget

procedures or in the tax sale and the deed to the state were determined not to be jurisdictional and were obviated by the curative acts of 1943 and 1945. (Stats. 1943, p. 1993; Stats. 1945, p. 2176.) The claimed irregularities in the school tax levies were held not to involve due process and likewise were nonjurisdictional matters which could properly be obviated by curative legislation, and that the same were cured by the 1945 act. The court also called attention to the fact that no objection had been made to the budget or the levies, citing *City of Compton* v. *Boland*, 26 Cal.2d 310 [158 P.2d 397].

Following the affirmance of the judgment in that action, and in January, 1947, the plaintiff filed an amendment to the first amended complaint herein alleging in addition that George W. Clemson "became the owner" of each of the noncontiguous parcels on January 26, 1932, which was after the 1931-32 taxes were levied and before the effective date of the 1943 curative act; that the plaintiff "became the owner" thereof on March 16, 1944, which was after the levy of the 1931-32 taxes and before the effective date of the 1945 act; that the defendants claim the benefit of the curative acts, but that because of the alleged irregularities and the alleged ownership of Clemson and the plaintiff after the 1931-32 tax levy and prior to the effective dates of the respective acts, the effect of the legislative enactments was to take the property of the plaintiff without due process of law and to divest him of vested rights in violation of the Fourteenth Amendment to the Constitution of the United States.

By the 1947 amendment to the first amended complaint it was sought to present the question of the effect of the curative acts upon the plaintiff's alleged rights as against the defendants' purchase of the title from the state and to invoke the doctrine of *Miller* v. *McKenna* (1944), 23 Cal.2d 774 [147 P.2d 531], to the effect that a curative act may not destroy or unlawfully infringe upon vested rights intervening between the date of the claimed irregularity and the effective date of the act. It was said in the Miller case at page 783 that "a vested right, as that term is used in relation to constitutional guaranties, implies an interest which it is proper for the state to recognize and protect, and of which the individual may not be deprived arbitrarily without injustice," and that the question of what constitutes such a right is confided to the courts where alone the questions of law and fact upon which they depend can be finally decided.

The plaintiff's predecessor in interest, Clemson, "became the owner" of the property on January 26, 1932. The second installments of the 1931-32 taxes were due in the following April. They were not paid and delinquency was chargeable to him. While he remained the owner the curative act of 1943 was passed. That enactment resulted in making ineffective all of his objections to the state's title based upon alleged irregularities in the tax proceedings cured by that act. By its terms, that act did not purport to correct defects in the levy of district school taxes. The object of the 1945 curative act was to correct defects in the levies for those purposes.

The plaintiff is in no position to avail himself of tax irregularities which were cured by the 1943 curative act because he was not then the owner and the irregularities other than those in the tax levy for school purposes were cured by that act. As to the school tax levy the plaintiff alleges that the governing body of the Mojave School District fixed the budget item for the building fund of the district at $6,400 for the fiscal year 1931-32; that the net assessed value of the real property in the district was $591,075; that a rate thereon of .011 was sufficient to raise the amount required, but that the board of supervisors fixed the rate at .02 per $100 assessed valuation which was .009 in excess of budget requirements; that thereby the taxes on the plaintiff's several properties in 1931-32 were increased by a total of $.51. It is also alleged that in 1931-32 the board of supervisors made a levy for the Mojave School District kindergarten fund of .15 per $100 assessed valuation, although there was no provision authorizing the levy because the statute providing for such fund had been repealed; and that the alleged unauthorized levy increased the tax on his six sections and partial sections of land by the sum of $9.17. These are the defects in the 1931-32 school tax levies upon which the plaintiff relies as not having been cured by the provision of a curative act until 1945, after the plaintiff "became the owner" of the property. The effect of both of these irregularities in fixing the tax rate was to increase the total tax rate for the Mojave district school tax levy beyond that required by the authorized budget items, and thereby to increase the 1931-32 taxes assessable against the plaintiff's properties by the sum of $9.68.

The question of the effect of these alleged excessive levies, aside from the consideration of the 1945 curative act, was suggested as one of the grounds of the decision in the former Wall case with citation of *City of Compton* v. *Boland,*

26 Cal.2d 310 [158 P.2d 397]. In the latter case it was sought to set aside the tax proceedings relying in part on alleged invalidity because of an excessive tax levy. It was held, assuming the invalidity of the excessive portion of the tax, that the error did not invalidate the entire tax levy; that the taxpayer had the opportunity to have the levy corrected; that he should have invoked the procedure afforded to that end; that he also had the remedy by action for a refund of the excessive portion of the tax (*Otis* v. *Los Angeles County,* 9 Cal.2d 366 [70 P.2d 633]); and that his failure to pursue either course amounted to a waiver of the objection. Those considerations are controlling here. It must be deemed as settled that an excessive tax rate invalidates neither the entire levy, nor the delinquent tax proceedings, nor the state's tax title. The taxpayer is relegated to the procedure for correction at an appropriate time or to a refund of the excess after payment under protest. He may not avail himself of error in the computation of the tax rate in an action to invalidate delinquent tax proceedings and the state's tax title based thereon.

From the foregoing it follows that the plaintiff is not in position to invoke the doctrine of *Miller* v. *McKenna, supra* (see also *Hall* v. *Chamberlain,* 31 Cal.2d 673 [192 P.2d 759], April 1948), and the defendants' claims as purchasers of the state's tax title alleged by the plaintiff are immune from attack by him in the present action.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied May 19, 1949.