[Civ. No. 3957.   Fourth Dist.   Nov. 2, 1949.]

LUBERCO, LTD. (a Corporation), Respondent, v. SOLON S. KIPP et al., Appellants.

Solon S. Kipp, in pro. per., and W. E. Starke for Appellants.

Virgil S. Kipp for Respondent.

BARNARD, P. J.—This is an action to quiet title to two lots in separate blocks, and to two other lots in another block of a subdivision in San Diego. The plaintiff claims under various tax deeds to and from the state, and the defendants claim to be record owners of the property.

The complaint, in the usual form, was filed on January 28, 1947, and alleged that the plaintiff is the owner in fee and entitled to the possession of these lots. The answer, in addition to a general denial, alleged that the defendants are the owners in fee. There was no allegation with respect to possession by the defendants and no affirmative relief was asked.

The evidence discloses that these lots were sold to the state on June 29, 1929, for delinquent taxes and assessments levied in 1928; that they were deeded to the state August 1, 1934; that they were deeded by the state to the plaintiff on January 7, 1947; and that these deeds were duly recorded. The defendants produced no evidence with respect to their own title but introduced various tax records in an attempt to show that the deeds to the state were invalid. The court found that the plaintiff was, and is, the owner in fee and entitled to the possession of these lots and that the defendants have no right, title or interest therein. Judgment was accordingly entered and the defendants have appealed.

The appellants contend that the deeds to the state were void because of defective notices of sale, and that the statute of limitations does not apply where the proceedings are thus void or "where the legal owner, not out of possession, is not the moving party." It is first claimed that the delinquent list for the 1928 tax first published on June 6, 1929, was deficient in that it did not state that delinquent "assessments" affecting the property were included, and that the notice thus published was not in the form prescribed by section 3764 of the Political Code, as it then existed. Section 3764, as amended in 1929, and in effect when this notice was published, did not set forth a required form for this notice but stated, generally, what the published delinquent list should contain. So far as we can see, the notice published contained all of the matters required by the statute and sufficiently complied therewith. The contention that the notice failed to state that delinquent assessments were included is without merit. The heading of the notice stated that it covered not only taxes but five named district assessments "and other special district assessments levied in the year 1928 for the fiscal year 1928-29." The notice further stated that "Unless

the total of all taxes, assessments, penalties and costs, as shown on the list below,'' was paid before the date named the property would, by operation of law, be sold to the state. It is further contended, with respect to some of these lots, that in the publication in 1934 of the delinquent list for 1933, proper reference was not made to the addenda list added thereto. While there are some variances between the delinquent list and the addenda, with respect to some of these lots, in each case the delinquent list correctly refers to the sale number of the particular lot in the addenda list, the addenda notice is in the exact wording of section 3764, and it is doubtful if any defect here appearing would have been held to invalidate these deeds to the state under the strict application of the tax deed laws which formerly existed.

In any event, any deficiencies which here appear were cured by the validating acts of 1943 [Stats. 1943, p. 1993], 1945 [Stats. 1945, p. 2176], and 1947 [Stats. 1947, p. 1615]. (*Chambers* v. *Duvall,* 26 Cal.2d 139 [156 P.2d 921]; *City of Compton* v. *Boland,* 26 Cal.2d 310 [158 P.2d 397]; *Wall* v. *M. & R. Sheep Co.,* 33 Cal.2d 768 [205 P.2d 14].)

Relying on *Tannhauser* v. *Adams,* 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], the appellants contend that no statute of limitations can apply here since it does not appear that the tax sale purchaser was in possession of the property. It is argued that as the successors of the record owner the appellants are presumably entitled to possession. The Tannhauser case involved section 3521 of the Revenue and Taxation Code, that action having been initiated by the record owner. The court there suggested, citing *Meigs* v. *Roberts,* 162 N.Y. 371 [56 N.E. 838, 76 Am.St.Rep. 322], and other cases, that such a limitation statute will not run against one in possession of the land but held that it would run, under the circumstances there appearing, against the right of one out of possession to attack a tax title for such defects. However, it was held in *Dunkum* v. *Maceck Building Corp.,* 256 N.Y. 275 [176 N.E. 392], that no such question could arise where the land in question was vacant and unoccupied. If a limitation statute were here otherwise applicable the matter of constructive possession would not make it inapplicable. We think the rule suggested in the Tannhauser case was intended to refer to actual possession and not to constructive possession or the mere presumptive right to possession. There is nothing in the record here to indicate that the defendants, or any of them,

were in possession of these lots or that any of the parcels was other than a vacant and unoccupied lot. There was neither allegation, proof nor finding in that connection. Moreover, section 175 of the Revenue and Taxation Code, which became effective September 15, 1945, provides that a deed to the state shall be conclusively presumed to be valid unless it is held to be invalid in a court proceeding commenced within one year after the execution of the deed or within one year after the effective date of the section, whichever be later. That section provides a rule of evidence, in addition to a period of limitation. No reason appears why this section is not applicable and controlling here.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.