[Civ. No. 14892. Second Dist., Div. Three. Oct. 26, 1945.]

FRED A. MAIS et al., Respondents, v. POINSETTIA LAND COMPANY (a Corporation), Appellant.

Newton E. Anderson and Arthur E. White for Appellant.

John F. Bender and G. Loshoncy for Respondents.

SHINN, J.—Plaintiffs, claiming title under a tax deed, brought this action to quiet title to a lot in a subdivision located in the city of Compton in Los Angeles County. Defendant, Poinsettia Land Company, the former owner, is the present owner of the property unless plaintiffs' tax title is valid. The court found that plaintiffs are the owners of the land, thereby determining their tax title to be good, and rendered judgment accordingly. Defendant appeals.

The property was deeded to the state in 1933, following a sale for taxes levied for the fiscal year 1927-28. It was deeded by the state to the city of Compton in 1943 and was later deeded to plaintiffs by the city. At the time of the assessment the property was in the Compton Union High School District and the levy was in part for the benefit of the district.

Two grounds of alleged invalidity are asserted by defendant. It is contended (1) that in fixing the tax rate for 1927-28 the board of supervisors miscalculated and underestimated by $61,554.38 the portion of the revenue to be received from the tax upon unsecured personal property; that the resulting rate was .0021 higher by reason of such miscalculation, and that it resulted in the payment of excessive taxes upon real and secured personal property, the overcharge upon the lot in question amounting to more than one cent. The second ground of attack is that the assessment roll failed to show the Compton Union High School District as one of the school or revenue districts in which the property was located, as required by then section 3650(11) of the Political Code. Each of these defects in the proceedings is relied upon by appellant as sufficient to render void the certificate of sale and the deed to the state under which plaintiffs claim.

■ The ground of invalidity predicated upon the failure to take into consideration in fixing the budget all of the revenue to be derived from the tax on unsecured personal property, which resulted in an excessive rate and tax upon real property and secured personal property, was passed upon by the Supreme Court in *City of Compton* v. *Boland* (1945), 26 Cal.2d 310 [158 P.2d 397], the assessment and levy there considered being those of Los Angeles County for the same fiscal year, namely, 1927-28. The tax deed title of the city was upheld, one of the grounds of the decision being that the illegal method followed by the board of supervisors was one which might have been authorized by the Legislature initially, that it therefore was subject to validation by subsequent legislation, and that the questioned proceedings were validated by the Curative Act of 1943 (Stats. 1943, p. 1993; Deering's Gen. Laws, Act 8443) Recognizing this ground of the decision in the Boland case as one which is decisive upon the point, we hold that the proceedings which resulted in the inequality of which defendant complains were validated by the curative act.

Defendant seeks to escape from the operation of the curative act, contending that since it owned the property before the assessment was levied, it had a vested right which could not be taken from it by retroactive legislation. It endeavors to find support for this position in *Miller* v. *McKenna* (1944), 23 Cal.2d 774 [147 P.2d 531]. All that the court held in that case was that the Legislature could not validate tax proceedings as against a mortgagee who had acquired title to the land under a mortgage, held prior to the assessment, by foreclosure between the date of the assessment and the passage of the validating act. The doctrine thus stated in *Miller* v. *McKenna* was held in the Boland case to be inapplicable except as a protection to intervening rights.

■ In urging its other point, appellant states:

"On September 6, 1927, the Board of Supervisors of the County of Los Angeles levied a tax upon all real, secured personal, and unsecured personal property in the Compton Union High School District, including the subject property, for the maintenance of the Compton Union High School District . . .; also levied a tax for the purpose of making payments upon certain school bonds, including those of the Compton Union High School District . . .;

"Subsequently, the Assessment Roll was made up by the Office of the Assessor of Los Angeles County, and the figures

representing extensions of the items set up on the Assessment Roll were filled in by the Office of the Auditor of Los Angeles County. In making up the roll the Assessor showed opposite the printed words 'School Dist.' the rubber stamped words 'Compton City.' . . . This is the only reference on the roll to any school district. There is no reference on the roll whatsoever to the Compton Union High School District, for the maintenance of which a tax was levied as stated hereinabove.

". . . The law in effect during the entire years 1927 and 1928 included Political Code Section 3650, Subdivision 11 [Stats. 1927, p. 400] (which later became subdivision 12 [Stats. 1929, p. 129]), which provided that among other things the assessment book must show: 'The school, road, and other revenue districts in which each piece of property assessed is situated.' " It appears from appellant's brief that the Compton City School District is an elementary school district, the territory of which, with certain surrounding territory, is included in the Compton Union High School District. If the statement on the assessment roll meant only that the property was in the Compton City School District, it would necessarily mean that it was also within the Compton Union High School District and would thus meet the specific objection which appellant makes. It is not contended that the description was inadequate for any other reason. Undoubtedly it would have been competent for the Legislature to provide for an assessment roll which would describe the property, assessed in any manner that would show it to be within the district covered by the levy which was the foundation of the assessment. The tax was levied upon the lands situated in the high school district and for the benefit of the district; there was also a description of the property which was sufficient to show that it was within the high school district for which the tax had been levied. Under those circumstances an irregularity consisting of a failure to comply with any legal requirement for a more specific description would be subject to correction by a validating act. The construction heretofore given to the 1943 act in the cases cited is broad enough to encompass such irregularities as the one here claimed in the description of the property upon the assessment roll.

Another act was passed by the 1945 Legislature which follows the 1943 act, but includes in its validating provisions, in addition to state, county, city and district agencies, acts and proceedings of each "revenue district." And it defines

"revenue district" as including "every city and district for which the county officers assess property and collect taxes or assessments." [Stats. 1945, ch. 1134, Deering's Gen. Laws, Act 8443a.] If there be any question as to the applicability of the former act, there can be none as to the latter. If the description of the property as originally entered on the assessment rolls was insufficient, the error has been cured by the validating acts.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.